## ST. LOUIS & MEMPHIS PACKET COMPANY

*v.*

## JAMES F. PARKER.

1. AGENT—*act of, whether binding on his principal.* Although an agent's authority may be special and limited, yet if the principal permits such agent to advertise his name as agent generally, without noting such limitation, and the agent acts outside of his authority, the principal will be bound thereby, unless the party with whom he deals had notice of the limitation.

2. Although the act of an agent, outside of the scope of such agent's authority, is not binding upon his principal, yet the principal may ratify such act and thus render it obligatory upon him.

APPEAL from the Circuit Court of Alexander county ; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. ALLEN, WEBB & BUTLER, for the appellant.

Messrs. MULKEY, WALL & WHEELER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit in the Alexander circuit court, by the plaintiff, Parker, against the St. Louis and Memphis Packet Company.

The declaration alleges, that the defendant was a common carrier of freights, from the city of Memphis to the city of St. Louis and to intermediate points by water, and was possessed of divers boats running between those points, and that the plaintiff, at the request of the defendant, delivered to defendant divers goods and merchandise, describing them, to be taken and safely carried from a certain designated point on the route to St. Louis, consigned to certain named commission merchants in St. Louis. The breach is, that they did not safely carry and deliver.

The contract to receive and carry this freight, it appears, was made by the plaintiff with Charles T. Hinde, who represented himself to the public and to the plaintiff as the agent of the defendant company.

About one half of the lumber was taken under this contract with the agent, and the balance swept away by the rising flood of the Mississippi, it having been piled on the bank of that river, ready for shipping, under the contract with Hinde.

The only question in the case arises upon the instructions. Appellant insists that the court should have given the fifth instruction asked by him, without qualification or modification.

That instruction was as follows: The defendant had the authority and right, in selecting Capt. Hinde as its agent at the city of Cairo, to limit his authority to bind or contract for them to said city of Cairo.

This instruction announces a principle which this court has always approved, and may be considered settled law, but if given as asked it could not have failed, with the testimony before the jury, to have misled them. The extent of Hinde's agency was a principal question before the jury, and on that there was contradictory evidence. The instruction implies Hinde's agency was special and limited. The court modified it in this way: But if you find from the evidence that the defendant employed Capt. Hinde as agent at Cairo, and permitted him to advertise his name as agent, without noting such limitation, the plaintiff would not be bound by such limitation, unless you find, from the evidence, that he had notice that the power of said Hinde was so limited.

This modification was proper and presented the point to the jury in its true aspect. 1 Pars. on Con. 44.

Appellant also complains of the refusal of the court to give the sixth, seventh and eighth instructions, asked by him.

The sixth and seventh are objectionable, as they include the proposition, that an agent for a public common carrier, published to the world as a general agent of such carrier, may set up in defense of his principal any private instructions he may have received, or limitations upon his supposed general powers, imposed by such principal. Such a proposition is inadmissible.

The eighth instruction is a mere repetition of the fifth, which the court properly refused.

The court had instructed the jury, at the instance of the defendant, that the act of an agent can only bind the principal within the scope of such agent's authority, and any act of such agent beyond or outside of such an authority, can not bind the principal.

This contains a correct legal proposition, as a general one; but the unauthorized act of an agent may be ratified by his principal.

The court also instructed the jury on behalf of the plaintiff, that when a party employs an agent in a public employment, such as that of a public common carrier, and suffers such agent to advertise himself as such an agent, the principal can not, by private instructions, limit the authority of the agent, and thereby avoid responsibility as such principal.

We think this instruction, together with the one given for the defendant next preceding, and marked fourth in the series, with the fifth for defendant, as modified, placed the law of the case in a clear light before the jury.

We see no error in the record, and affirm the judgment.

*Judgment affirmed.*