## J. C. GRIGGS *v.* BELLE SELDEN.

### *Principal and Agent.* ·

When one holds another out to the world as his agent, in determining the liability of
the principal, the question is, not what authority was intended to be given to
the agent, but what authority was a third person dealing with him justified
from the acts of the principal in *believing* was given to him.

ASSUMPSIT. Heard on a referee's report, September Term,
1885, POWERS, J., presiding. Judgment for the plaintiff.
The plaintiff is a merchant residing in Waterbury, Vt.,
dealing in boots, shoes, and leather. The defendant is a
married woman, and resides in Burlington. The referee
found :

" The brother of the defendant, William J. Gibson, for-
merly resided in the town of Johnson, in this State, and
carried on a custom business in boots and shoes, manufact-
uring them for custom trade. He subsequently removed his
business to the town of Jericho, in Chittenden County.
Sometime prior to the year 1882, while he resided and was
doing business in Johnson as aforesaid, his tools and stock
in trade were purchased by the defendant, who took a bill of
sale of them and paid for them, and subsequently, both in
Johnson and at Jericho, carried on the business, Gibson
acting as the agent of the defendant in so doing. The
agency was created by parol.

" The arrangement between Gibson and the defendant
was that she should furnish funds or stock to carry on the
business; that out of the said business the said William J.
should support himself and family; that the defendant
should then be repaid whatever she had advanced in taking
the bill of sale, and in carrying on the business, and that
after that, if anything should remain, it should belong to
the said William J. And the property was to remain hers
until she was fully paid. The business was carried on by
the defendant, the said William J. acting as her agent.

Part of the stock used in said shop was purchased by the defendant herself, and sometimes by her husband acting for her. And orders were given by the defendant to her brother upon different parties for stock, and sometimes stock was purchased by the said William J. himself. The latter had no express authority to purchase goods of any kind upon the credit of the defendant. The business was carried on under the sign of William J. Gibson, Agent, and the business was advertised in the newspaper printed at Jericho in the year 1882, in the name of William J. Gibson, Agent." * * * * "On the 7th day of June said Gibson went to the store of the plaintiff and presented to him a letter from the defendant, which read as follows :

"'BURLINGTON, VT., June 5th, 1882.
"'Dear Sir:—Please let my agent, William Gibson, of Jericho, Vt., have credit to the amount of $150.00, payable in thirty days from bill,'" etc.

At this time Gibson purchased $151.25 worth of goods, and the defendant paid for them. In November, 1882, Gibson ordered from the plaintiff a bill of leather amounting to $26.60, for which this suit is brought. It was further found :

"The bill for this item was made to W. J. Gibson, and the correspondence between the plaintiff and said Gibson was had in the name of Gibson, and not in the name of Gibson, agent. The plaintiff had no knowledge of any arrangement between the defendant and said Gibson, restricting the authority of said Gibson as agent in the purchase of goods. I find from the evidence that he had no express authority to contract bills on the credit of the defendant. I do not find that he gave the credit in these sales to Gibson personally, but he made the charges to him as he was the one who was managing the business, and in whose name the business at Jericho was transacted, and supposed that the defendant was liable to him for whatever goods Gibson bought. The plaintiff acted in good faith, and made the sales relying upon defendant's credit, and supposing that the sales were made to the defendant. There was no evidence introduced tending to show that he knew of the fact that the sign at the place of business in Jericho was William J. Gibson, agent, or that he ever knew of the ad-

vertisement above referred to in the newspaper. But the plaintiff believed from defendant's letter written in June, 1882, and the other facts herein reported, that Gibson, in carrying on said business, and in making purchases and sales, had the usual authority of an agent who had the sole management of the business. If, whether he was so justified in believing, is a question of fact, I find that he was; if a question of law, I submit it to the court."

*Wilbur & Wolcott,* for the defendant.

The agent had no authority from defendant to contract for the goods. *Grimm* v. *Bonner,* 78 Pa. St. 152; *Brown* v. *Billings,* 22 Vt. 9; *Town* v. *Hendee,* 27 Vt. 258; *Cochran* v. *Whipple,* 33 Vt. 169; *Mussey* v. *Beacher,* 3 Cush. 511; 3 Hill, 279; *Doan* v. *Duncan,* 18 Ill. 96; *White* v. *Langdon,* 30 Vt. 599; 34 Vt. 150; 43 Vt. 314; 44 Vt. 189; 26 Wend. 221; 37 Conn. 29; 11 Mass. 29; 60 Ill. 237; 24 Mich. 36; 48 Vt. 259.

*M. H. Alexander,* for the plaintiff, cited Story Agency, ss. 105, 126; *Williams* v. *Colby,* 44 Vt. 40; *Putnam & Co.* v. *French,* 53 Vt. 402; 1 Par. Con. 57; *Mason* v. *Gray,* 36 Vt. 313; *Burgess* v. *Harris,* 47 Vt. 322; *Beecher* v. *R. R. Co.* 43 Vt. 133; *Bradish* v. *Belknap,* 41 Vt. 172.

The opinion of the court was delivered by

Rowell, J. The referee has found as a fact, if it is a question of fact, as it certainly is—*Session* v. *Newport,* 23 Vt. 9—that the plaintiff was justified in his belief that Gibson, in carrying on the business and making purchases and sales, "had the usual authority of an agent who had the sole management of the business." He further finds that the defendant "held out" Gibson as her agent, which was known to the plaintiff, and acted upon by him in good faith.

This finding makes the defendant liable, on the ground that if one holds another out to the world and accredits him as his agent, he is bound by that person's acts done within

the scope of the agency thus given to him. In such cases the question is, not what authority was intended to be given to the agent, but what authority was the third person dealing with him justified from the acts of the principal in *believing* was given to him. 1 Am. Lead. Cas. 568; Story's Agency, s. 127 and *n*. 2.

Judgment affirmed.