## JENKS L. WINCHELL *v.* NATIONAL EXPRESS CO.

*Evidence. Principal and agent. Apparent authority. Charge of court.*

1. The question being upon the value of a mastiff bitch used for breeding purposes, evidence is properly received as to the elements of value in such a dog and as to her pedigree.

2. Plaintiff sought to recover for injuries done his dog, while being transported by the defendant from the plaintiff's residence to its office in Fair Haven, whence it was to be forwarded by rail. Defendant denied that its agent had authority to receive expressage elsewhere than at its office. Thereupon the plaintiff claimed that the defendant had suffered the agent to hold himself out to the world in that capacity to such an extent that he might rely upon it; and introduced evidence tending to show that the agent used a wagon lettered with the defendant's name to the knowledge of the defendant in the collection of express parcels. *Held*, that it was not permissible to show that the agent used this wagon about his own business, unless such use was brought home to the plaintiff.

3. But the defendant might show that the agent had used the wagon in doing other than express work for the plaintiff himself.

4. Upon the question whether the agent had notified the plaintiff that dogs were sent at the owner's risk, it would have been proper to show that at the time of the pretended notification there was in the office at Fair Haven a book of instructions, one rule of which required such notice to be given, but since the time was not so limited the question was properly excluded.

5. A principal may become liable by permitting his agent to hold himself out as having apparent authority.

6. The court need not answer a request not warranted by the evidence, although it contains a correct proposition of law.

Case for injuries done the plaintiff's dog. Plea, the general issue. Trial by jury at the September term, 1890, Rutland

County, Taft, J., presiding.    Verdict and judgment for the plaintiff.    The defendant excepts.

The plaintiff boxed his dog, which was a valuable mastiff bitch, for shipment by express to Long Island, and notified the defendant's agent at Fair Haven.   Thereupon the defendant's agent sent the express wagon to the plaintiff's residence, where the dog was, to transport it from there to the express office. While on the way the dog was so injured as to render it unfit for breeding purposes.   The defendant denied its liability, first, because the agent had no authority to receive the dog at the residence of the plaintiff, second, because the plaintiff had been notified that the dog if sent would be at the owner's risk, and had shipped it upon that condition.   The questions raised by the exceptions appear in the opinion.

The plaintiff's second request was as follows :

"A person who had no duties relative to express matter, except to take packages from the railroad office to the consignees, and take similar parcels from consignees to the office of the company for transportation, has no authority to bind the company by an acceptance of goods, and until a delivery of the goods to an agent authorized to accept them, there is no responsibility attaching to them as common carriers."

*J. C. Baker and Geo. E. Lawrence,* for the defendant.

The delivery to the defendant's agent outside its office was not a delivery to the defendant.   *Cronkrite* v. *Wells,* 32 N. Y. 247 ; *Blanchard* v. *Isaacs,* 3 Barb. 388 ; *Judson* v. *Railroad,* 4 Allen 520.

*W. H. Preston,* for the plaintiff.

Experts might testify as to the pedigree and value of this dog.   Greenl. Ev. s. 480 ; *Bemis* v. *Railroad,* 58 Vt. 636 ; I Redf. R. R., 291.

Evidence that the defendant had suffered its agent to receive parcels away from the office as in this case, would justify the

plaintiff in believing that he had authority to do so. *Bank* v. *Express Co.*, 93 U. S. 184; Cool. Torts, 120 ; 1 Redf. R. R., 132 : *Bank* v. *Champlain Transportation Co.*, 23 Vt. 186.

The opinion of the court was delivered by

ROSS, Ch. J. 1. The objections interposed by the defendant, to the testimony of the plaintiff, and of Coffin are unavailing unless exceptions were saved to the ruling of the court. The three questions and answers of these witnesses, to which exceptions were saved, were on subjects material to the proper estimation and determination of the value of the plaintiff's dog. The first related to the breeding and characteristics of her dam; the second to the elements constituting her value, and the third, to whether her sire and dam were valuable. They called for facts within the knowledge of these witnesses, which bore upon the value of the dog, which the plaintiff claimed was injured by the neglect of the defendant. There was no error in their admission. 1 Greenl. on Ev. (12th Ed.) ss. 440, 440a; 2 Best on Ev. (Wood's Ed.) s. 513. The breeding and pedigree of a dog used for breeding are elements to be considered in determining its value, as well as its personal characteristics.

2. The plaintiff sought to hold the defendant for an injury received while transporting the dog from the plaintiff's house, in Fair Haven, to the defendant's office, where it received and delivered matter carried by it, as an express company, partly on the ground that it had knowingly held out its agent, F. O. Vaughan, as having apparent authority,—whether he had such authority in fact or not,—to receive express matter at the plaintiff's residence, and at the residence of its other patrons in the village. It sought to establish this apparent authority in part by the use of the wagon,—in which the dog was being transported when injured,— in the business in collecting and delivering express packages,— which wagon had the name of the defendant printed upon its

sides,—and by the use of call-cards, in connection with such use of the wagon. The plaintiff claimed that such use being known to him, authorized him to believe that when he delivered this dog into this wagon, it was a delivery to the defendant, no matter whether in fact the defendant had given Vaughan authority to receive express packages for it at the residences of the patrons in the village. As bearing upon this issue, raised by the plaintiff, it was material for the defendant not only to show it did not own the wagon, and did not authorize its use in collecting or delivering express packages, but also to show that the whole use of the wagon and team, known to the plaintiff, was such that the plaintiff in the exercise of reasonable prudence was not authorized in believing that the receipt of the dog by Vaughan or his servant, into this wagon, was a receipt by the defendant. The three questions asked to Vaughan, and excluded by the court, as well as the question put to Morehouse and excluded, called for information in regard to the use of the wagon by Vaughan, in other than express business. The first two questions to Vaughan and the one to Morehouse called for a statement of the use of the wagon, inconsistent with the defendant's entire control of it. The plaintiff could be affected by such use, only so far as it was either actually known to him, or was so public and open in his immediate vicinity that he would be presumed to have known of it. The defendant did not offer in connection with these questions to bring such use to the knowledge of the plaintiff. Hence these questions were properly excluded. The third question to Vaughan called for the use of the wagon, not in the express business, in the service of the plaintiff, and known to him. The exclusion of this question by the court on the ground that it was immaterial was a holding that no inquiry on that subject matter would be allowed, and, under our practice, was error if the subject matter of the inquiry was material in the determination of any of the issues raised. It was material, upon the issue of apparent authority in Vaughan to receive the dog in the wagon at the risk of the de-

fendant at the plaintiff's residence, for the defendant to show that Vaughan, to the knowledge of the plaintiff used the wagon and team as his own, in other business than collecting and delivering express packages ; and that his entire use of the team, known to the plaintiff, was such that it should have indicated to him, in the exercise of common observation and prudence, that Vaughan was using the wagon and team in collecting and delivering express packages, as his team, for his own convenience, and not as a part of the transportation provided by the defendant for such matter. We think it was error for the court on this issue to exclude inquiry into the entire use of the wagon and team by Vaughan, known to the plaintiff.

3. There was an issue between the testimony of the defendant and that of the plaintiff in regard to whether the defendant had notified the plaintiff that dogs, when sent by express, must be sent at the owner's risk, as required by rule 25 of instructions to agents. The inquiry to Van Wagoner, whether these instructions were in the Fair Haven office, if it had been limited to the time when the defendant's testimony tended to show the notice was given, would have been a proper inquiry. If the instructions were then in the office, it would be more probable that the agent gave the required notice. Sup. to Roberts' Digest 93, *placita* 2, 3, 4, 5. Proof that such notice was given to the plaintiff, if received without objection or protest, would be one step towards establishing that the plaintiff consented to send the dog agreeably to the notice, at his own, instead of defendant's risk. But it was immaterial whether these instructions were there at some other time. The inquiry was too general and properly excluded.

4. We do not think that the defendant was entitled to have the court comply with his second request to charge. This request ignores the question of the *apparent* authority of defendant's agent, Vaughan. It is well settled that the act of an agent binds a principal in all cases, not only where the agent is acting within

the scope of his usual employment, but also where he is held out, or permitted to hold himself out, to the public or other party as having competent authority, although in the particular instance in question he exceeds his authority or violates his instructions. *Putnam & Co.* v. *French & Moore,* 53 Vt. 402 ; Story on Agency (7th Ed.) s. 443. In *Griggs* v. *Selden,* 58 Vt. 561, the court say that " in such cases the question is, not what authority was intended to be given to the agent, but what authority was the third person dealing with him justified from the acts of the principal in *believing* was given him." The plaintiff's evidence tended to show that the defendant permitted Vaughan to hold himself out as its agent to receive express matter for shipment, anywhere in the village of Fair Haven that he was requested to take it, and that the plaintiff believed this part of the business was done by the defendant. The charge of the court on this branch of the case in view of the testimony was correct.

5. There was no error in the court's refusing to comply with the fourth and fifth requests to charge. There is nothing in the exceptions which shows that there was any evidence tending to prove that the injury to the dog in any way resulted from the manner in which he was boxed, nor does it appear that the plaintiff had anything to do in loading the dog into the wagon. It is well settled that although requests may contain correct statements of law, the court is not bound to answer them, if it does not appear they were warranted by the evidence. *Winn* v. *Rutland,* 52 Vt. 481 ; *Weeks* v. *Lyndon,* 54 Vt. 638. The charge on this point was certainly as favorable as defendant was entitled to have given.

This disposes of all of defendant's exceptions urged in this court.

*Judgment reversed and cause remanded.*