KOPPRASCH *v.* NEW YORK INDEMNITY CO.

1. APPEAL AND ERROR—DENIAL OF DIRECTED VERDICT.
   In reviewing denial of defendant's motion for directed verdict, evidence must be viewed most favorably to plaintiff.

2. MASTER AND SERVANT—CUSTOMS AND USAGES—JUDICIAL NOTICE—EVIDENCE.
   Court may take judicial notice that it is not uncommon practice for employers and insurers, liable to injured employees under workmen's compensation act, to treat and repair injured employees after expiration of statutory 90-day period in order that they may be returned to employment and compensation stopped.

3. PRINCIPAL AND AGENT—PRINCIPAL BOUND BY APPARENT AUTHORITY OF AGENT.
   Authority of agent must depend, so far as it involves rights of innocent third persons who have relied thereon, upon character bestowed, rather than instructions given, so that principal is bound to third persons, acting in ignorance of any limitations, by apparent authority given, and not by express authority.

4. MASTER AND SERVANT—INSURER'S LIABILITY FOR MEDICAL TREATMENT—APPARENT AUTHORITY OF AGENT.
   Where agent of employer's insurer visited injured employee in plaintiff's hospital after expiration of statutory 90-day period for purpose of removing employee to another hospital, but, instead, agreed that he remain in plaintiff's hospital for care and treatment and that insurer would pay therefor, jury was justified in finding that insurer was bound by apparent authority given agent.

Error to Allegan; Cross (Orien S.), J. Submitted April 18, 1930. (Docket No. 65, Calendar No. 34,703.) Decided June 2, 1930.

Assumpsit by William A. Kopprasch against the New York Indemnity Company, a foreign corpora-

tion, employer's insurer, for medical services rendered to Carl Rambadt, injured employee. From a judgment for plaintiff, defendant brings error. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Mason, Alexander & McCaslin,* for defendant.

Clark, J. The city of Allegan, employer, and Carl Rambadt, employee, were under the workmen's compensation act, the defendant New York Indemnity Company carrying the risk. Rambadt suffered an accidential injury under the act. Defendant paid weekly compensation as for total disability and it paid, during the first 90 days after the injury, medical, surgical, and hospital services and medicines as provided by the act.

At the end of the 90-day period Rambadt was in the hospital of plaintiff, a physician and surgeon at Allegan, and his condition was serious and likely to require much and prolonged care and treatment. He remained in the hospital and was treated by plaintiff, given medical, surgical, and hospital services and medicines, all on the promise of defendant to pay, as plaintiff contends. Plaintiff sued on the promise and had verdict and judgment, which defendant reviews on error, contending that as a matter of law, there was no promise and that verdict therefore ought to have been directed as requested by defendant. On this question the evidence must be viewed most favorably to plaintiff.

Soon after the end of the 90-day period J. W. Renehan, manager department of claims, of defend-

ant, with offices in Detroit, came to Allegan and proposed to take the injured man to Detroit for treatment, but after consulting with the patient and the doctor, it was agreed that the patient remain in the hospital of plaintiff and under his care and treatment, for which Renehan said defendant would pay.

Defendant contends that as a matter of law Renehan had no authority except as to a claim on a policy, and that, as this claim is wholly beyond the policy, it must be so held.

It was in the interest of defendant, paying compensation, to have the man restored to health and employment. That was the reason for Renehan's proposing, after the 90-day period, to take him to Detroit. We may take notice that the practice of employers and insurers of continuing to treat and repair injured men after such period, that they be returned to employment and compensation stopped, is not uncommon. During the course of treatment in plaintiff's hospital, defendant made inquiries of the patient's condition, which may or may not have related only to compensation under the act. Plaintiff sent statements to defendant during the treatment and had in response no denial of liability.

There is no direct evidence of limitation, if any, on Renehan's authority. We think the jury might find, as it did, that defendant is bound by apparent authority given the agent, and that the court was not in error in refusing directed verdict. We quote from *Austrian & Co.* v. *Springer,* 94 Mich. 343 (34 Am. St. Rep. 350):

"It is well settled that the authority of the agent must depend, so far as it involves the rights of innocent third persons who have relied thereon, upon the character bestowed, rather than the instructions

given. In other words, the principal is bound to third persons, acting in ignorance of any limitations, by the apparent authority given, and not by the express authority. Mechem, Ag. § 283. The question is not, what was the authority actually given? but, what was the plaintiff, in dealing with the agent, justified in believing the authority to be? 1 Amer. Lead. Cas. 567, 568; *Griggs* v. *Selden,* 58 Vt. 561 (5 Atl. 504); *Ins. Co.* v. *Pierce,* 75 Ill. 426; *Packet Co.* v. *Parker,* 59 Ill. 23; *Inglish* v. *Ayer,* 79 Mich. 516. Whatever attributes properly belong to the character bestowed will be presumed to exist, and they cannot be cut off by private instructions of which those who deal with the agent are ignorant. Among those attributes is the power to do all that is usual and necessary to accomplish the object for which the agency was created."

*Maryland Casualty Co.* v. *Moon,* 231 Mich. 56; *Grand Rapids Elec. Co.* v. *Walsh Manfg. Co.,* 142 Mich. 4.

No other matter demands discussion.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.