BAUMAN *v*. GRAND TRUNK WESTERN RAILROAD.

1. Venue—Railroads—Plaintiff's Residence.
    Statute providing that actions against a railroad company may be commenced in any county traversed by a line of railroad owned or leased by such company provided that if such line traverses the county of plaintiff's residence, that suit should be brought in such county is clear and unambiguous and limits venue of an action for damages against a railroad company to the county of plaintiff's residence, where a line is operated in county of plaintiff's residence (CLS 1956, § 610.1).

2. Same—Carriers.
    Venue provisions of the judicature act as to actions against carriers recognize the theory that the carrier has corporate residence in each county in which it operates (CLS 1956, § 610.1).

3. Same—Railroads—Traversing Plaintiff's County.
    It is not required that railroad line pass entirely through and across a county in order to "traverse" the county, as the term is used in statute setting forth requirements as to venue of

References for Points in Headnotes
[1-3] 56 Am Jur, Venue § 29.
[4] 50 Am Jur, Statutes §§ 436, 437.
[6] 56 Am Jur, Venue § 4.

actions against railroads, the operation of a 'line into the county satisfying such requirement that it "traverse" the county, residence of the company not being determined by the extent of the operation (CLS 1956, § 610.1).

4. STATUTES—PROVISO.
   The ordinary purpose of a proviso in a statute is to modify and limit the preceding provisions of the enactment.

5. VENUE—ACTION AGAINST RAILROAD—RESIDENCE OF PLAINTIFF.
   Limiting the venue of a plaintiff's action against a railroad to the county of plaintiff's residence does not deprive him of any right or privilege granted by either the Constitution of the State or of the United States (CLS 1956, § 610.1).

6. SAME—STATUTES.
   The legislature has power to prescribe where actions may be brought and to impose reasonable limitations with reference thereto (CLS 1956, § 610.1).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 10, 1958. (Docket No. 9, Calendar No. 47,460.) Decided July 15, 1958.

Case by James A. Bauman against Grand Trunk Western Railroad, a Michigan corporation, for personal injuries sustained in grade crossing accident. On motion raising jurisdictional question, cause dismissed without prejudice. Plaintiff appeals. Affirmed.

*Lacey, Jones & Doelle* (*Buell Doelle* and *Kelly, Kelly & Kelly* and *Phillip C. Kelly,* of counsel), for plaintiff.

*Robert L. Livesay* and *Maxwell F. Badgley,* for defendant.

CARR, J. Plaintiff brought this action in the circuit court of Wayne county to recover damages for injuries claimed to have resulted from the negligence of the defendant. The declaration in the case, filed May

27, 1957, alleged that plaintiff was a resident of Jackson county, that the defendant corporation was a common carrier, and that on April 20, 1956, it was the owner and proprietor of a certain railroad extending from the city of Pontiac to the city of Jackson. It was further set forth that on said date plaintiff was operating a truck on State trunk-line highway M-36, in Livingston county, which highway crossed the railroad at the village of Gregory, in said county.

While attempting to drive over the railroad track plaintiff's vehicle was struck by a locomotive operated by defendant's employees, resulting in serious physical injuries to plaintiff. The pleading averred that said employees were negligent in the operation of defendant's train, and that defendant was also negligent in failing to provide proper safeguards at the crossing for the protection of traffic on the highway. A second count in the declaration was predicated on the theory of subsequent negligence.

Defendant entered a special appearance in the case and filed a motion to dismiss on the ground that under the provisions of the statute (CLS 1956, § 610.1 [Stat Ann 1957 Cum Supp § 27.641]), relating to the venue of actions and suits, plaintiff's action should have been brought in the circuit court of Jackson county, and that the Wayne county court did not have jurisdiction thereof. Objections to said motion were submitted on behalf of plaintiff. Following a hearing an order was entered dismissing the cause of action, without costs and without prejudice to plaintiff's right to sue for his damages in Jackson county. From such order of dismissal, plaintiff has appealed.

Insofar as material to this case the section of the statute above cited provides, in subdivision 2 thereof, that actions founded upon wrongs and contracts, "except as herein otherwise provided," shall be com-

menced and tried in the county where one of the parties resides at the time of commencement of action, and subdivision 3, which relates specifically to actions against transportation lines reads, in part, as follows:

"Suits may be commenced against any street railway or railroad company in any county where the principal office of such company within the State may be situated, or in any county traversed by a line of railroad, owned or operated by such company, or in any county in which such company shall be the owner or lessee of a right of way for a line of road: Provided, That if such line of road traverses the county of the plaintiff's residence, suit shall be brought in such county."

Like provision is made with reference to the venue of actions against individuals, motor bus, and transportation companies operating lines for the transportation of passengers or freight, subject to the proviso that if the route traverses the county of plaintiff's residence the action must be brought in such county.

It is the claim of the defendant that the proviso as set forth in the language of the statute, above quoted, is mandatory, that inasmuch as plaintiff is admittedly a resident of Jackson county, and that defendant's line of railroad operates within that county, the proviso is applicable in the instant case and precludes the maintenance of the action in Wayne county. On behalf of plaintiff reliance is placed on the general provision of the statute, above referred to, requiring, subject to exceptions contained in the act, that actions be commenced and prosecuted in the county of residence of one of the parties at the time of commencement of action. It is also claimed that the proviso relating to actions against street railway companies and railroad companies should not be con-

strued as precluding plaintiff from bringing his action for damages in Wayne county in view of the fact, as it is claimed, that defendant's principal office is located therein. It is suggested that the residence of the corporation should be determined accordingly, and that under the statute it is subject to an action for damages in the county of its domicile.

Counsel for plaintiff further argue that the word "traverse" as used in the proviso should be construed as implying that the railroad of a defendant must cross the county of plaintiff's residence in order to make said proviso applicable, that such is not the situation with respect to defendant's railroad here involved, the western terminal thereof being within said county, and that, in consequence, the declared restriction as to venue does not control. The contention is also advanced that the proviso limits merely the clause immediately preceding it, and hence is confined to cases in which the railroad company owns or leases "a right of way for a line of road."

The determination of the issues presented in the case rests on the interpretation of the pertinent statutory provisions, and particularly on the scope of the proviso. The language of the proviso is not ambiguous. On the contrary, it is clear and specific. It is a fair inference that the legislature deemed it expedient to require that in certain cases the venue of an action for damages against a railroad company should be limited to the county of plaintiff's residence. As suggested in *Amyot* v. *Wayne Circuit Judge,* 221 Mich 256, the venue provisions of the statute recognized the theory that in such cases the carrier should be deemed to have a corporate residence in each county within which it operates a railroad. The proviso, in substance, declares that when such residence is within the same county as that of the plaintiff the action shall be brought and tried therein.

In other words, the underlying thought seems to be that if both parties can be said to be residents of the same county the venue is fixed accordingly.

This brings us to a consideration of plaintiff's argument that the word "traverse" as used in the proviso must be construed as applying only to instances in which the railroad passes entirely through and across the county of plaintiff's residence. We think that such an interpretation is not consistent with the obvious legislative intent. In *Pollock* v. *Detroit United Railway,* 168 Mich 581, the action was brought in Oakland county for damages suffered by plaintiff as a result of a collision between electric cars operated by defendant within said county. Plaintiff was a resident of Missaukee county, and the defendant's principal place of business was in the county of Wayne. It was contended by defendant that the circuit court of Oakland county did not have jurisdiction. It was held that inasmuch as its lines of road extended into said county the defendant might properly be regarded as a resident thereof. The holding with reference to the matter was summarized as follows:

"For purposes of jurisdiction the corporation is deemed a resident of any county where the road is operated or corporate powers exercised, and of each county, where it has an office, agency, or agent for service of process." (Syllabus 2.)

It will be noted that, under the venue statute then in force, residence within the county of Oakland for purposes of jurisdiction of the case rested on the basis of defendant's operations therein. So in the case at bar defendant's residence in Jackson county for purposes of action against it by a resident of said county to recover damages rests on the fact that it operates its road within the county. The matter of residence is not determined by the extent of such

operation. The fact that the western terminal of the road is within the county is not material. Having in mind the apparent theory on which the proviso in question here rests, we are unable to agree with the contention of counsel for the plaintiff that the proviso is limited in its application to instances where the road passes entirely through the county of plaintiff's residence. The word "traverse" was clearly intended to refer to the operation of the carrier's railroad within the county of plaintiff's residence, and not as necessarily requiring the complete crossing of such county.

Having in mind the purpose of the statutory provisions involved in the instant case, it is apparent that the proviso was adopted to modify and limit preceding provisions of the enactment. Such is ordinarily the purpose of a proviso, and its application must be determined accordingly. 82 CJS, Statutes, § 381, p 888; *United States* v. *Morrow,* 266 US 531 (45 S Ct 173, 69 L ed 425); *Erdelyi* v. *Erdelyi,* 279 Mich 282; *People* v. *Wolfe,* 338 Mich 525. In the instant case it applies to a situation existing when both parties to the action are residents of the same county within the purview of statutory provisions relating to venue. In practical effect it makes an exception to the preceding clauses of subdivision 3 of the section of the statute above cited, and, likewise, to the general provision of subdivision 2, which expressly recognizes that it is subject to exceptions provided for by other provisions of the act. In *Pere Marquette R. Co.* v. *Slutz,* 268 Mich 388, the plaintiff corporation brought suit to enjoin defendant Slutz from prosecuting in Illinois an action for damages for personal injuries. The accident occurred in Berrien county and Slutz was a resident of Van Buren county, through which defendant's road passed. It was held that plaintiff was entitled to injunctive

relief, and that the statute required the action to be brought in the county where defendant Slutz resided.

Limiting the venue of plaintiff's action to the county of his residence does not deprive him of any right or privilege granted by either the Constitution of the State or by the Constitution of the United States. It is within the power of the legislature to prescribe where actions may be brought and to impose reasonable limitations with reference thereto. The trial court was not in error in granting the motion to dismiss, and the order entered is affirmed.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.