BAUMAN *v.* GRAND TRUNK WESTERN RAILROAD

1. TRIAL—INSTRUCTIONS TO JURY—APPEAL AND ERROR.
   An appellate court will consider the trial court's charge to the jury in its entirety in determining the existence of erroneous instructions.

2. EVIDENCE—RELEVANCY—TRUCK-TRAIN COLLISION—STATEMENT OF AGENT.
   Admission in evidence of statements allegedly made by claims agent for defendant railroad concerning the manner in which a collision between a train and a truck occurred and possible payments to plaintiff, and instruction to jury that if they found the statements to have been made within the real or apparent authority of the agent they could properly be considered, *held,* proper because evidence that the agent visited plaintiff in the hospital, that he identified himself as a claims agent from defendant railroad, that he was accompanied by a court reporter so that a statement could be taken from plaintiff, that he received permission from plaintiff to obtain his medical records, and that he generally indicated that he was there to talk about the accident, was sufficient to create a jury question whether or not the statements made by the claims agent were within the scope of his employment and with actual or apparent authority.

3. NEGLIGENCE—EVIDENCE—MOTOR VEHICLES—STOPPING DISTANCE—STATUTE.
   Refusal to allow defendant railroad's expert witness to testify regarding maximum stopping distance required by statute

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 894.
[2] 3 Am Jur 2d, Agency §§ 353, 354.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 157.
[4] 58 Am Jur, Witnesses § 620 *et seq.*
[5] 31 Am Jur 2d, Expert and Opinion Testimony § 181.
[6] 38 Am Jur, Negligence § 348.

for a motor vehicle going 25 m.p.h. *held,* proper because the testimony was irrelevant in that it is not determinative of speed where there was no evidence to indicate defective brakes on plaintiff's vehicle (MCLA § 257.705[b]).

4. WITNESSES—CROSS-EXAMINATION—SCOPE—DISCRETION.
The scope of cross-examination is a matter left to the sound discretion of the trial judge, and it was not an abuse of discretion for the trial court to permit the admission in evidence, during cross-examination of the secretary of the public service commission, of a letter in the file of the public service commission concerning a railroad crossing at which an accident in suit occurred.

5. EVIDENCE—EXPERT TESTIMONY—WEIGHT—JURY QUESTION.
The weight to be given expert testimony is for the jury to determine (GCR 1963, 605).

6. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.
The questions whether negligence or contributory negligence existed in a given case are questions of fact for the jury to determine.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 June 4, 1969, at Lansing. (Docket No. 5,065.) Decided July 30, 1969.

Declaration by James A. Bauman against Grand Trunk Western Railroad, a Michigan corporation, for damages resulting from injuries sustained when the truck plaintiff was driving was struck by defendant's train. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Badgley, Domke, McVicker & Marcoux (Thomas J. Sullivan,* of counsel), for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

DANHOF, J. After the third complete trial, this matter now comes before an appellate court for the fourth time.[1] We can only echo the admonition of Justice BLACK when he stated in the last appeal, *Bauman* v. *Grand Trunk Western Railroad Company* (1965), 376 Mich 675, 691:

"As against such litigatory background we had best see that our order for a third trial goes down in company with such clear words of guidance, fitted specifically to the evidence-defined issue of *causation*, as will most likely insure finality of whatever third verdict a third jury will report."

We have now had the third jury and the third verdict.

The facts of the case are that a collision occurred in the early afternoon of April 20, 1956, at a grade crossing in the village of Gregory involving one of the defendant's trains and a truck driven by the plaintiff. At the point where the accident happened defendant's single track crosses highway M-36 at almost right angles. The crossing was marked by a crossbuck sign, which was reflectorized, but was without additional crossing protection. The trial was held before a jury and resulted in a verdict for the plaintiff. Defendant appeals, alleging several errors committed by the trial judge.

Several of the questions raised by the defendant concern the failure of the trial judge to give certain instructions, and the giving of other instructions defendant considers to be erroneous. Plaintiff has countered these objections by stating that the defendant has not fully complied with GCR 1963, 516.2, in that the defendant did not specifically state the matter to which it objected and the grounds for objection. From our reading of the record we con-

---

[1] *Bauman* v. *Grand Trunk Western Railroad Company* (1958), 353 Mich 279; (1961), 363 Mich 604; (1965), 376 Mich 675.

clude that the defendant did sufficiently comply with the provisions of GCR 1963, 516.2, albeit counsel could have made more specific the objections to the various instructions. The record discloses that both the plaintiff and the defendant submitted detailed written requests for instructions to the court, that conversations were held in chambers relative to what instructions the court would or would not give, and that at the conclusion of the trial judge's instructions both plaintiff and defendant indicated to the court either their objections to the instructions or identified by number the instructions which the court failed to give and which they felt should have been given.

We have reviewed the full charge given by the trial judge, and taking it as a whole it adequately states the law applicable to this litigation. Select ,ortions of the jury's charge which are extracted from the entire charge, or removed from context, should not be subject to scrutiny in a vacuum. *Coon* v. *Williams* (1966), 4 Mich App 325; *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437. As Justice VOELKER stated in *Huffman* v. *First Baptist Church of Flushing, supra,* p 446:

"Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case? In other words, in the idiom of the day, we simply ask ourselves: Were the instructions understandable and did they give both sides a 'fair shake'?"

Based on this criterion our answer is yes.

Defendant next assigns as error the refusal of the trial court to exclude certain testimony given by the plaintiff and others as to statements made to the plaintiff and others by defendant's claims agent, Harold Hungerford. Defendant claims that the

statements made concerning the manner in which the accident occurred and possible payments to the plaintiff should not have been admitted, because they were beyond the scope of the authority granted to the agent. The trial court admitted the testimony and instructed the jury that if they found that the statements made were within the real or apparent authority given the agent they could properly be considered. We concur. In *Kopprasch* v. *New York Indemnity Co.* (1930), 250 Mich 491, the Supreme Court said:

"We quote from *Austrian & Co.* v. *Springer* (1892), 94 Mich 343 (34 Am St Rep 350):
'It is well settled that the authority of the agent must depend, so far as it involves the rights of innocent third persons who have relied thereon, upon the character bestowed, rather than the instructions given. In other words, the principal is bound to third persons, acting in ignorance of any limitations, by the apparent authority given, and not by the express authority.' "

Or, as stated in 3 Am Jur 2d, Agency, § 264, p 628:

"All such statements and declarations as are made by the agent within the scope of his employment and with the actual or apparent authority of the principal are binding upon the principal and he is responsible therefor. A principal cannot repudiate statements made by his agent in the course of the employment, and fairly within the line of his *real or apparent authority,* and he is bound by the agent's material representations of fact to the same extent as if he had made them himself." (Emphasis supplied.)

The record discloses that the agent visited the plaintiff in the hospital, identified himself as a claims agent from the defendant, was accompanied by a court reporter in order to take a statement from

the plaintiff, received permission from the plaintiff to obtain his medical records, and generally indicated that he was there to talk about the accident. This testimony was sufficient to create a jury question whether or not the statements made by the claims agent were within the scope of his employment and with actual or apparent authority. Accordingly, we find no error in the trial court's admission of the testimony relative to the statements made by the defendant's claims agent.

Defendant next claims error in the trial court's refusal to allow defendant's expert witness to testify regarding the maximum stopping distance of a motor vehicle going 25 m.p.h. equipped with brakes as required by MCLA § 257.705(b) (Stat Ann 1968 Rev § 9.2405[b]). The statute sets forth the deceleration rate required on a motor vehicle. We agree with the trial court's decision and conclude there was no error and that the testimony was irrelevant. The statute cited above relates to the braking requirements of motor vehicles, and it is not determinative of speed, nor would the testimony have any relevancy to the speed of the plaintiff's automotive vehicle. Further, there is nothing in the record to indicate that defective brakes on the plaintiff's vehicle were an issue in this case. Accordingly, we find no error in the refusal to admit the testimony. *Schmidt* v. *Willbrant* (1946), 313 Mich 450.

Defendant next complains of error in the admission of a letter from the file of the public service commission into evidence by the trial court. The defendant called as a witness the secretary of the public service commission who testified concerning the activities of the commission in regard to the railroad crossing in question. Upon cross-examination the witness produced a letter received from a

citizen which was in the files of the public service commission. Cross-examination is a matter left to the sound discretion of the trial judge and the record does not disclose an abuse of that discretion. Callaghan's Michigan Pleading & Practice, (2d ed), § 37.174, p 522; *Scholnick* v. *City of Bloomfield Hills* (1957), 350 Mich 187. We find no error in the admission of the letter in question.

Defendant next complains of the testimony of two of the plaintiff's witnesses concerning the stopping distance which would be needed for a train similar to the one involved in the accident. The trial court allowed their testimony under the provisions of GCR 1963, 605, and properly left the weight to be given the testimony to the jury.

Finally, the defendant claims that the verdict was against the great weight of the evidence and contrary to law. The voluminous record in this case contains testimony which, if believed by the jury, was sufficient to sustain the verdict in this case. The questions of negligence and contributory negligence were questions of fact for the jury and were properly left to their determination. *Davis* v. *New York Central Railroad Company* (1952), 348 Mich 262.

Affirmed, costs to the plaintiff.

All concurred.