## SARGESON *v.* YARABEK

1. NEGLIGENCE—GROSS NEGLIGENCE—ELEMENTS.

The elements of gross negligence are: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

2. NEGLIGENCE—GROSS NEGLIGENCE—QUESTION OF FACT.

Gross negligence, in doubtful cases, is a question for the jury.

3. AUTOMOBILES—NEGLIGENCE—GROSS NEGLIGENCE—QUESTION FOR JURY.

A question for the jury existed as to defendant's gross negligence under the guest passenger statute where the automobile in which the plaintiff was riding was being driven on a street having a block-long curve and many trees, poles, and signs, the car was travelling approximately 20 miles per hour in a 35 mile-per-hour zone, and where the driver, either for the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 47.
[2, 3] 38 Am Jur, Negligence § 347.
[4] 53 Am Jur, Trial § 348.

purpose of doing something under the dashboard or while pushing away a golf club from his leg, bent down and looked away from the road whereupon the car struck a pole (CLS 1961, § 257.401).

4. APPEAL AND ERROR—DIRECTED VERDICT—QUESTION OF FACT.

The test used in determining the propriety of granting a directed verdict in favor of a defendant is whether, viewing the facts in the light most favorable to the plaintiffs, reasonable men could honestly reach a different conclusion, and if they could, the question is for the jury.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 April 9, 1970, at Lansing. (Docket No. 7,173.) Decided June 24, 1970. Leave to appeal denied September 22, 1970. 384 Mich 755.

Complaint by William Sargeson, Sr., and by Shirley Sargeson, guardian of William Sargeson, Jr., against Joseph Yarabek, Sr., to recover for injuries sustained by plaintiff William Sargeson, Jr., in an automobile accident. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Baker Law Firm,* for plaintiffs.

*Smith, Brooker, Harvey & Cook* (*Richard G. Smith,* of counsel), for defendant.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

McGREGOR, P. J. This action was one in tort for damages arising out of an automobile accident which occurred on May 10, 1964, when William Sargeson, Jr. was a guest passenger in an automobile owned by Joseph Yarabek, Sr., and driven by Joseph Yarabek, Jr., with consent.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant contends that the evidence, taken in a light most favorable to plaintiffs, was insufficient to support a verdict of gross negligence or wilful and wanton misconduct, under Michigan's guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101):

"* * * [N]o person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by gross negligence, or wilful and wanton misconduct of the owner or operator. * * *"

The elements which constitute gross negligence have been definitively set forth by the Michigan Supreme Court, in *Willett* v. *Smith* (1932), 260 Mich 101, 104:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

This was subsequently quoted with approval in *McLone* v. *Bean* (1933), 263 Mich 113, 115, and *Tien* v. *Barkel* (1958), 351 Mich 276, 281, 282. Gross negligence and wilful and wanton misconduct charges are not synonymous, but such difference is not an issue here. *LaCroix* v. *Grand Trunk W. R. Co.* (1967), 379 Mich 417.

The Court in *Tien, supra,* was cognizant of the many decisions on the subject of gross negligence and wilful and wanton misconduct, noted that many

were irreconcilable, and stated that in doubtful cases, the issue of gross negligence must be submitted for jury consideration. We conclude that the facts herein warranted submission to the jury.

"Mr. Justice BUTZEL, writing in *Rinkevich* v. *Coeling* (1955), 344 Mich 493, for a then presciently enlightened half of the Court, asserted in accurate sum * * * that each of these guest-passenger cases in *sui generis* in its factual circumstances." *Tien* v. *Barkel, supra,* 282.

The accident occurred when the car in which William Sargeson, Jr., and Joseph Yarabek, Jr., were riding hit a pole standing about three to five feet from the road. Plaintiff testified that they were on a street with a block-long curve which had many trees, poles and signs, and that the car was travelling approximately 20 miles per hour in a 35-mile-an-hour zone.

Between the driver and the plaintiff passenger was a golf club, resting on the seat and the car's floorboard. The driver alleges that the club had fallen against his leg, and that he bent down, apparently with his head below the dashboard, to push it away; that when he looked up he was unable to stop in time to avoid hitting the pole. Assuming that this is a true version, there is no allegation that the removal of the club from his leg was an immediate necessity or that it hampered his driving in any way. There was also testimony that the club had fallen several times before and that the driver had become irritated thereby; that on one such occurrence, the driver cursed the plaintiff passenger and said, "Hold on to your damned club."

The plaintiff passenger alleges that the driver had bent down to his left and was doing something under the dashboard. This Court notes that, under either

version, it is undisputed that the driver had removed his eyes from the road and had bent down, either for the purpose of doing something under the dashboard or for pushing away the golf club.  Although the driver alleges that he bent forward for only a second or two, the plaintiff passenger asserted that this blind act of driving was longer than that, although no specific length of time was given, and that the car struck the pole without the brakes ever having been applied.

In testing the propriety of granting a directed verdict in favor of the defendant, the test used is whether, viewing the facts in a light most favorable to plaintiffs, reasonable men could honestly reach a different conclusion, and if they could, the question is for the jury.  *Anderson* v. *Gene Deming Motor Sales, Inc.* (1963), 371 Mich 223, 229; *Huhtala* v. *Anderson* (1969), 15 Mich App 693.  We find that the evidence was sufficient, if believed, to establish defendant driver's violation of the statutory duty of care and that the trial judge was correct in submitting the issue to the jury.

Defendant also alleges error in the trial judge's instructions.  We note that objection was made by the defendant to the refusal of the trial court to give defendant's requested jury charges Nos. 2 and 3 (defendant's definition of gross negligence or wilful and wanton misconduct, which contained a quotation from *Sun Oil Company* v. *Seamon* (1957), 349 Mich 387, 411, embracing the words "the callous, the brutish, the quasi-criminal").  Nevertheless, the trial court gave adequate and proper charges of the elements reasonably embraced in such definition. Other than defendant's objection for failure to give the above requested charges, the transcript fails to reveal any objection by defendant to the instructions

given to the jury. GCR 1963, 516.2**; also see *Bauman* v. *Grand Trunk W. R. Co.* (1969), 18 Mich App 450, 453. We find no reversible error.

Affirmed. Costs to appellees.

All concurred.

---

** "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." GCR 1963, 516.2.