RODRIGUEZ v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 55913. Submitted June 4, 1982, at Detroit.—Decided October 19, 1982. Leave to appeal applied for.

Pio Rodriguez, an employee of Grand Trunk Western Railroad Company, was allegedly injured during the course of his employment. Rodriguez brought an action against Grand Trunk Western Railroad Company in Wayne Circuit Court under the Federal Employers' Liability Act, alleging that the injury was the result of the failure of defendant employer to provide him with a safe place to work. Defendant filed a motion for a change of venue on the basis that venue properly lay in Oakland County pursuant to the provisions of the Michigan transportation lines venue statute. The circuit court, Peter B. Spivak, J., denied the motion for a change of venue, holding that the venue provision of the Federal Employers' Liability Act superseded the Michigan venue statute and venue was proper under the federal act. Defendant appeals by leave granted, arguing that the trial court erred in concluding that the venue provision in the federal act applies to an action brought in a state court where, as here, the federal venue provision is in conflict with a state mandated venue provision. *Held*:

1. The question of proper venue of an action brought under the Federal Employers' Liability Act in a Michigan court is to be decided by the Michigan venue statutes. The question of proper venue in the instant case is to be decided under the provisions of the Michigan transportation lines venue statute.

2. The application of the Michigan venue statute does not violate the plaintiff's right to equal protection of law as guaranteed by either the Michigan or United States Constitution nor does it violate the privileges and immunities clause of the United States Constitution.

3. The matter is remanded to the circuit court to determine

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts §§ 12, 16.

77 Am Jur 2d, Venue § 48.

[2] 20 Am Jur 2d, Courts §§ 21, 22, 91.

77 Am Jur 2d, Venue §§ 2, 3.

whether under the Michigan transportation lines venue statute venue is properly in Wayne Circuit Court or Oakland Circuit Court.

Reversed and remanded.

1. Courts — Jurisdiction — Venue — Railroads — Federal Employers' Liability Act.

The Michigan statutory provision relating to venue of actions against transportation lines is applicable to a personal injury action brought in a Michigan court by an injured railroad worker under the provisions of the Federal Employers' Liability Act (45 USC 51 *et seq.;* MCL 600.1635; MSA 27A.1635).

2. Courts — Jurisdiction — Venue — Constitutional Law.

The Michigan venue provision relating to actions against transportation lines when applied to an action brought under the Federal Employers' Liability Act does not violate the Equal Protection Clause of either the Michigan or United States Constitution or the Privileges and Immunities Clause of the United States Constitution (US Const, Am XIV, § 1; Const 1963, art 1, § 1; 45 USC 51 *et seq.;* MCL 600.1635; MSA 27A.1635).

*James A. Brescoll, P.C.,* for plaintiff.

*Christopher A. Rodgers,* for defendant.

Before: Bronson, P.J., and R. M. Maher and M. Warshawsky,* JJ.

Per Curiam. Defendant appeals by leave of this Court an order by the circuit court denying defendant's motion for change of venue.

Plaintiff filed the instant action in Wayne County Circuit Court, alleging that he was injured during the course of his employment due to defendant's negligent failure to provide him with a safe place to work. The suit was brought under the Federal Employers' Liability Act (FELA), 45 USC 51 *et seq.* Although plaintiff's complaint merely alleges that he was injured in Oakland County, the concise statement of proceedings and facts

---

* Circuit judge, sitting on the Court of Appeals by assignment.

signed. by the trial judge and the parties indicates that plaintiff also claims that defendant's allegedly negligent acts occurred "at least in part, in Wayne County, Michigan, where defendant/appellant's medical officers negligently examined and forced plaintiff/appellee to return to work despite severe injury to his lumbar spine".

Defendant filed a motion for change of venue from Wayne to Oakland County, contending that venue in Wayne County was improper under the Michigan transportation lines venue statute, MCL 600.1635; MSA 27A.1635. The trial court denied the motion, ruling that the FELA venue provision[1] supersedes the state venue statute, and that venue was proper under the FELA.

On appeal, defendant contends that the trial court erred in concluding that the FELA venue statute was applicable to a personal injury action brought in a state court under the FELA. This is a question of first impression.

In *Burnett v New York Central R Co*, 380 US 424; 85 S Ct 1050; 13 L Ed 2d 941 (1965), the Supreme Court held that, when a plaintiff begins an FELA action in a state court of competent jurisdiction and the action is later dismissed on the ground of improper venue, the FELA statute of limitations is tolled during the pendency of the action. In deciding this issue, the Court apparently assumed that the Ohio transportation venue statute (which, we note, is similar to our own) was controlling on the question of venue in a state court. This strongly suggests that the Supreme Court did not even regard the applicability of the FELA venue statute to a state court action as a reasonably debatable proposition.

Thirty-three years before *Burnett,* in *Bainbridge*

[1] 45 USC 56.

*v Merchants' & Miners' Transportation Co,* 287 US
278; 53 S Ct 159; 77 L Ed 302 (1932), the Supreme
Court addressed a jurisdictional issue under the
Jones Act, 46 USC 688, which provides seamen
with the same remedies as those available to
railroad employees under the FELA. The Court
examined language similar to that found in § 6 of
the FELA,[2] and concluded that the provision only
applied to actions brought in federal courts. The
provision stated in part that "the court of the
district in which the defendant employer resides or
in which his principal office is located" would have
jurisdiction over the case. The Court observed that
the word "jurisdiction" meant "venue", and set
forth the following rationale in support of its
decision:

"The word 'district' is peculiarly apposite in that
relation; but, in order to apply it to a state court, whose
territory for venue purposes may or may not be desig-
nated as a 'district,' an elasticity of interpretation
would be required which it does not seem probable
Congress had in mind. Thus in one instance, where an
action had been brought in a state court, it was found
necessary, in order to hold the provision applicable, to
interpret the word 'district' as meaning 'county' in
which the defendant resides or has his principal office.
* * * If the question were more doubtful than we think
it is, we should be slow to impute to Congress an
intention, if it has the power, to interfere with the
statutory provisions of the various states fixing the
venue of their own courts. It follows that the venue

---

[2] 45 USC 56 provides:
"Under this chapter an action may be brought in a district court of
the United States, in the district of the residence of the defendant, or
in which the cause of action arose, or in which the defendant shall be
doing business at the time of commencing such action. The jurisdic-
tion of the courts of the United States under this chapter shall be
concurrent with that of the courts of the several States."

should have been determined by the trial court in accordance with the law of the state." 287 US 280-281. (Footnote omitted.)

Since the FELA venue provision also employs the term "district", it seems quite likely that the Supreme Court would hold that the provision is inapplicable to FELA actions brought in a state court.

Although we recognize that the United States Supreme Court is the final authority with respect to federal law, we find the Michigan Supreme Court's interpretations of federal law extremely persuasive[3] in light of its power to summarily reverse this Court's decisions and also in light of the United States Supreme Court's inability to review more than a small fraction of state cases. Thus, we turn to *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 625; 309 NW2d 539 (1981), in which our Supreme Court stated that it "is under no Federal compulsion to exempt Jones Act or FELA cases from the application of this state's doctrine of *forum non conveniens".* The Court's opinion in *Anderson,* considered as a whole, evidences an intent to accord similar treatment to the venue provisions of the FELA and the Jones Act. We are convinced that the Court would

---

[3] But *cf. People v Hoffman,* 81 Mich App 288, 298; 265 NW2d 94 (1978), in which a panel of this Court implied that it was free to ignore recent decisions of the Michigan Supreme Court that reflected, in that panel's opinion, erroneous interpretations of federal law (as expounded by the United States Supreme Court):

"To the extent this holding is interpreted as misreading *Alvin Johnson* [396 Mich 424; 240 NW2d 729 (1976)] and thereby disregarding our role in the judicial hierarchy and the rule of stare decisis, we note that in matters of Federal constitutional interpretation our fealty is to the United States Supreme Court. See *People v Martin,* 78 Mich App 518; 260 NW2d 869 (1977)."

The Supreme Court denied leave, 403 Mich 850 (1978); perchance it agrees.

hold that the FELA venue provision is inapplicable to FELA actions brought in state courts.[4]

For the foregoing reasons, we hold that the Michigan transportation lines venue statute governs venue in an FELA action brought in a state court.

Apparently in anticipation of our disposition of the previous issue, plaintiff submits that the transportation lines venue statute violates the Equal Protection Clauses of the United States and Michigan Constitutions, Const 1963, art 1, § 2; US Const, Am XIV, § 1, and the Privileges and Immunities Clause of the United States Constitution, US Const, Am XIV, § 1.

We first observe that in *Bauman v Grand Trunk Western R Co,* 353 Mich 279, 286; 91 NW2d 279 (1958), in the course of interpreting the language of a predecessor to the present transportation lines venue statute, our Supreme Court stated:

"Limiting the venue of plaintiff's action to the county of his residence does not deprive him of any right or privilege granted by either the Constitution of the State or by the Constitution of the United States. It is within the power of the legislature to prescribe where actions may be brought and to impose reasonable limitations with reference thereto."

We recognize that this language is dicta, and we suspect that it may have been included in the

[4] At least one state court has concluded that venue in an FELA action brought in state court is controlled by state law. See *Hopmann v Southern Pacific Transportation Co,* 581 SW2d 532, 535 (Tex Civ App, 1979):

"We have found no case, and have been cited none, holding that venue provisions of sec. 56 of the federal statute is applicable to actions filed in a state court. The statements made by the United States Supreme Court clearly indicate that Section 56 of the Act is to be interpreted as establishing venue for an action in the federal courts and that venue in state court actions are controlled by the venue statutes of the ·forum. Since appellant filed his suit in the Texas court, the federal venue statute was not applicable."

opinion more for its literary than its precedential value. Be that as it may, however, we find no constitutional defect in the statutory scheme. Although access to the court system is a fundamental constitutional right,[5] the venue statute does not impermissibly burden the exercise of this right. The statute does not bar plaintiff from the court system but merely restricts the choice of forum. We believe that the distinction reflected in the venue statute between transportation and non-transportation companies rests upon a rational basis: to wit, the Legislature's apparent desire to discourage forum-shopping. Due to the unique nature of the transportation industry, plaintiffs would often have a choice between a multitude of forums, absent the transportation lines venue statute, since transportation companies frequently do business in more than one county.

We also reject plaintiff's claim that the venue statute violates the privileges and immunities clause. This argument rests upon a premise that the right to commence an FELA claim where the railroad has its principal office is a substantial federal right. As we have already concluded that this privilege is limited to actions brought in a federal district court, it is, therefore, quite apparent that the privilege is not abridged by the state venue statute.

Both parties have urged this Court to refrain from deciding whether or not venue is nevertheless proper under the state venue statute, and that therefore the trial court did the right thing for the wrong reason. We accept the invitation.

Reversed and remanded for further proceedings consistent with this opinion. No costs, since an important public question was involved. We do not retain jurisdiction.

[5] See *Moore v Fragatos,* 116 Mich App 179, 185; 321 NW2d 781 (1982).