### SHARON v. FEE.

1. EQUITY—JURISDICTION.

Before the rule that, having jurisdiction of subject-matter and parties for one purpose, a court of equity may retain jurisdiction to settle all disputes relating to the same subject-matter between the parties, has application, some ground of equitable jurisdiction must, in any case, be not only asserted, but established.

2. SAME—MECHANIC'S LIENS—STATUTORY PROCEEDING.

A proceeding in chancery to foreclose a mechanic's lien is not one of general equity jurisdiction, but is wholly statutory.

3. SAME—JURISDICTION—PERSONAL JUDGMENT.

Because a court of equity is given jurisdiction, under the mechanics' lien law (3 Comp. Laws 1915, § 14796 *et seq.*), to foreclose a mechanic's lien, and may bring before it the claimants and owners and all contractors and materialmen interested, it does not follow that it may conclude every matter asserted by plaintiffs against them, find there is no lien, and yet give plaintiffs a judgment against some of the defendants upon an independent promise.[1]

[1]See notes in 14 L. R. A. (N. S.) 1036; 24 L. R. A. (N. S.) 321.

4. MECHANICS' LIENS — EQUITY — JURISDICTION — PERSONAL JUDG-
MENT.

> There is nothing in the Michigan mechanics' lien law (3
> Comp. Laws 1915, § 14796 *et seq.*) warranting the render-
> ing of a personal decree in favor of the plaintiff against
> a contractor or subcontractor upon an independent prom-
> ise of such contractor or subcontractor to pay plaintiff's
> claim.

Appeal from Wayne; Sharpe, J., presiding. Sub-
mitted June 14, 1918. (Docket No. 60.) Decided
September 27, 1918.

Bill by Thomas Sharon and another against Ray
M. Fee, Louis H. Spicer and Edwin C. Spicer, copart-
ners as David Spicer's Sons, and others, to enforce a
mechanic's lien. From a decree for plaintiffs against
defendants Spicer, they appeal. Reversed, and bill
dismissed.

*James A. Robison* (*Douglas, Eaman & Barbour*, of
counsel), for plaintiffs.

*Frank W. Atkinson,* for appellants.

OSTRANDER, C. J. It was determined by the decree,
and could not have been otherwise determined, that
the theory of the bill is not sustained by facts. In-
stead of dismissing the bill as to all defendants, it is
dismissed as to some, including the owner of the build-
ing, and a decree—a judgment—is entered for plain-
tiffs against some of the defendants, upon a theory
wholly different from and opposed to the theory of
the bill. It is sought to sustain this personal judg-
ment by an application of the rule that, having juris-
diction of subject-matter and parties for one purpose,
a court of equity may retain jurisdiction to settle all
disputes relating to the same subject-matter between
the parties. Some ground of equitable jurisdiction

must, in any case, be not only asserted, but established, before the rule relied upon has application.

This cause is not one of general equity jurisdiction. The proceeding is wholly statutory. The bill was filed August 26, 1915. There was then in force a law, 3 Comp. Laws 1915, §§ 14805, 14809, which read:

"(14805) SEC. 10. Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of *lis pendens* filed for record in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings. And in such proceedings, the complainant shall make all persons having rights in said property affected or to be affected by such liens so filed in the office of the register of deeds, and all persons holding like liens so filed, and those having filed notice of intention to claim a lien, parties to such action. And all persons holding like liens or having filed notice of intention to claim a lien, or any other persons having rights in said property, may make themselves parties thereto on motion to the court and notice to complainant, and may file their intervening or cross-bills or answers claiming the benefit of cross-bills and notices of *lis pendens* therein. And whenever the principal contractor or any subcontractor shall have given to the owner, or other person or persons having rights in said property, any bond or surety or guaranty of any kind to protect such owner or other person or persons having rights in said property, against the liens provided for by this act, then the complainant or the owner or other person or persons having rights in said property, may make the surety or sureties in such bond or guaranty, parties to such action by such original bill or by cross-bills or answers claiming the benefit of a cross-bill, and the court shall thereupon settle and determine the rights and liabilities of all the parties in the matter, and make such decree as may be required to determine and enforce the rights and liabilities of the various parties including such surety or sureties. Intervening or cross-bills shall be on oath, and all bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath. Amendments may be made to any bill or cross-bill at any time before final order,

and if it shall appear that any party has had insufficient notice of any such proceedings, such further notice shall be given as the court shall think just."

"(14809) SEC. 14. Upon final decree the court may order a sale of the buildings or machinery separate, or the lands, buildings, machinery, structure, or improvements, together, by a circuit court commissioner or receiver, or may order the property into the hands of a receiver to be leased or rented from time to time under the direction of the court until the liens shall be discharged, or make such other order or disposition of the premises as justice may require. If upon the coming in and confirmation of the final report any portion of the liens shall still be unpaid, the court may enter personal decree for the same against the party who may be personally liable therefor, and execution shall issue for the same as upon other personal decrees rendered by the court."

The bill is filed to foreclose a mechanic's lien, the right to which, it is admitted by the bill, had been in form released. Ancillary relief asked for was the determination that the release was fraudulently secured by some of the defendants. It is found that what plaintiffs have is not a lien, nor any claim against the owner, but a cause of action upon an independent promise made by defendants Spicer. Because a court of equity is given jurisdiction to foreclose a mechanic's lien and may bring before it the claimants and owners and all contractors and materialmen interested, it does not follow that it may conclude every matter asserted by plaintiffs against them, find there is no lien, and yet give plaintiffs a judgment against some of the defendants upon an independent promise.

Whatever may be the proper rule as affecting the right of a plaintiff claimant to a personal decree against the owner (see 18 R. C. L. p. 991; 22 Am. & Eng. Ann. Cas. 1912A, 124, and note, p. 129 *et seq.*), there is nothing in our statute warranting the rendering of a personal decree in favor of the plaintiff

against a contractor or subcontractor upon an independent promise of such contractor or subcontractor to pay plaintiff's claim. Nor has this court, although applying a liberal rule, held to the contrary. *Koch* v. *Sumner*, 145 Mich. 358, *Scott* v. *Keeth*, 152 Mich. 547, *C. H. Little Co.* v. *L. P. Hazen Co.*, 185 Mich. 316, none of them goes so far, and in none will the reasoning employed sustain the decree in this case. Defendants Spicer are entitled to a trial by jury of the issue of their liability to plaintiffs.

The bill ought to have been dismissed as to all defendants, and such a decree should be entered in this court.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.