SCHMIDT *v.* WILLBRANT.

1. AUTOMOBILES—CROSSING 6-LANE STREET—STOPPING—NEGLIGENCE.
   Defendant who drove at speed of 10 to 15 miles an hour some 83 feet diagonally across 6-lane street in a northeasterly direction near intersection without stopping before entering easterly portion on which plaintiff's northbound decedent was driving at speed of 15 to 20 miles an hour was properly found guilty of negligence in action arising out of collision between the two cars at southeast curb of intersection.

2. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS—AUTOMOBILES—STOPPING—BRAKES.
   Failure of the trial court to give requested instruction relative to brakes and stopping distances in case arising out of collision between northbound car driven by plaintiff's decedent and car driven by defendant northeasterly across 6-lane street was not error where there was no testimony that decedent's brakes were defective and general instructions given adequately covered matter of stopping distances and protected the rights of defendant (1 Comp. Laws 1929, §§ 4697, 4731, as amended by Act No. 318, Pub. Acts 1939).

3. AUTOMOBILES—STOPPING—CROSSING 6-LANE STREET.
   Northbound decedent motorist in easterly portion of 6-lane street had a right to assume that motorist crossing such street while proceeding northeasterly toward intersection would stop before entering easterly portion or have his car under such control as to be able to stop and avoid a collision (1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939).

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.
   In action against defendant motorist who was proceeding at 10 to 15 miles an hour northeasterly across 6-lane street from point south of southwest part of intersection to south entrance of gasoline filling station located on northeast part of intersection, question of whether or not northbound motorist, pro-

---

Conflicting claims of the parties present question of fact for the jury as to compliance with standard of conduct, see 2 Restatement, Torts, § 434, comment c; standard of conduct defined, §§ 283-285; function of jury and causal relation between harm and negligence, §§ 465, 475, 476.

ceeding at 15 to 20 miles an hour and with whom defendant collided at southeast curb of intersection, was guilty of contributory negligence was a question of fact for the jury.

5. DEATH—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY.

Proximate cause of death of motorist was question for jury where it appears that he had been in good health and able to pick peaches and handle them by the bushel in and out of an automobile, and that in the collision he was thrown against steering wheel, shortly complained of pain, was given a hypodermic injection by a nurse but died before medical assistance could arrive.

6. SAME—DAMAGES—PAIN AND SUFFERING—EARNING CAPACITY.

Judgment of $5,000 after remittitur of $3,000 from $8,000 verdict for pain and suffering and loss of earnings of 58-year-old farmer who died from injuries received in automobile collision was not excessive where he lived about an hour after the accident, during most of which time he complained of severe pain, and had given plaintiff administratrix, his wife, about $15 per week and made about $2,000 per year from his farm.

Appeal from Berrien; Evans (Fremont), J. Submitted November 16, 1945. (Docket No. 92, Calendar No. 43,160.) Decided January 7, 1946.

Case by Amanda R. Schmidt, administratrix of the estate of Henry R. Schmidt, deceased, against Emil Willbrant for damages resulting from death of her decedent in an automobile accident. Verdict for plaintiff. Judgment for plaintiff after remittitur. Defendant appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*Dwight W. Fistler,* for defendant.

SHARPE, J. This is an action for damages brought by Amanda R. Schmidt, as administratrix of the estate of Henry R. Schmidt, deceased, against Emil Willbrant growing out of a collision between

two automobiles at or near the intersection of Main and Jones streets in the city of St. Joseph. Main street runs in a northerly and southerly direction and in the vicinity of the collision, it is approximately 61 feet in width. Jones street intersects Main street at right angles. On the southwest corner of Main and Jones streets is a Shell gasoline station with driveways on both streets. On the northeast corner of the above streets is another gasoline station which also has driveways on both streets.

On the afternoon of August 26, 1942, defendant, Emil Willbrant, drove his automobile from Jones street into the Shell gasoline station. After a conversation with the station attendant, he drove out onto Main street and pursued a diagonal course across Main street toward the Jones street driveway of the gasoline station at the northeast corner of the intersection. The entire distance from the center of the Main street driveway of the Shell gasoline station at the curb line to the point where the collision occurred is about 83.2 feet, while the distance from the same point in this driveway on Main street to where such line intersects the center of Main street is 37.7 feet.

While defendant was in the Shell gasoline station, decedent, Henry R. Schmidt, was driving his automobile in a northerly direction on Main street. He was accompanied by his wife, plaintiff herein. In the back of his car he had several bushels of fruit which he was taking to market. He was driving on the easterly side of Main street. Plaintiff's decedent was traveling at a speed of approximately 15 to 20 miles per hour, while defendant was moving at a speed of 10 to 15 miles per hour. Defendant continued driving in a northeasterly direction and when his car was approximately at the southeasterly curb

of the intersection, the two vehicles collided. As a result of the collision, plaintiff's decedent was injured, taken to the hospital, and died before a physician could be summoned to attend him.

The cause came on for trial and at the close of plaintiff's proof, defendant made a motion for a directed verdict which was denied. The jury returned a verdict in favor of plaintiff in the sum of $8,197.92. Motions for judgment *non obstante veredicto* and for a new trial were timely made and denied; however, the trial judge ordered a remittitur of $3,000. A remittitur was subsequently filed and judgment entered for plaintiff in the sum of $5,197.92, from which defendant appeals.

By their verdict the jury determined that defendant was guilty of negligence. The failure of defendant to stop as he entered the easterly portion of Main street permitted the jury to make such a finding of fact.

Defendant urges that plaintiff's decedent was guilty of contributory negligence as a matter of law for failure to have his car equipped with adequate brakes and for failure to stop within the assured clear distance ahead. In deciding this question we have in mind that Main street is a six-lane highway; that decedent was driving on the easterly half of the highway at a speed of 15 to 20 miles per hour; that defendant drove diagonally across the street in a northeasterly direction at a speed of 10 to 15 miles per hour; that when defendant was about at the center of Main street decedent's car was approximately 20 feet south of defendant's car; that while in this position decedent began to turn his car towards his right, while defendant continued on in the same diagonal course; and that when the two cars collided, decedent's car hit the southeasterly curb of the intersection.

It is urged that the trial court was in error in failing to instruct the jury, as requested by defendant, concerning brakes and stopping distances as defined under 1 Comp. Laws 1929, § 4731, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4731, Stat. Ann. 1945 Cum. Supp. § 9.1599).

The trial court instructed the jury that:

"On a through street the driver (of a car) must have his car under such control that he can bring it to a stop within the assured clear distance ahead.†

\*    \*    \*

"If you find from the evidence that Mr. Schmidt saw the defendant's automobile in time to have stopped and avoided the collision by the exercise of reasonable care and that he did not do so, then he would have been guilty of what we call contributory negligence which would bar recovery."

In our examination of the record we find no evidence that the brakes on decedent's car were defective. Decedent had no occasion to apply his brakes until defendant's car was about to cross the center line of Main street and at that time decedent's car was no more than 20 feet south of defendant's car. We find no error in failing to give the requested instruction. The general instructions of the trial court adequately covered this subject and protected the rights of defendant.

As we view this case we conclude that plaintiff's decedent had a right to assume that defendant would stop his car before entering the easterly half of Main street or have his car under such control as to be able to stop and avoid a collision. In our opinion the manner in which decedent drove his car after he saw or must have seen that defendant was crossing

---

† See 1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1945 Cum. Supp. § 9.1565).—REPORTER.

into the easterly half of the highway presents a question of fact as to decedent's negligence. We cannot say that he was guilty of contributory negligence as a matter of law.

Defendant also urges that Mr. Schmidt's death was not the result of the accident. There is evidence in this case that when the cars collided, decedent flew forward and his chest and head hit the steering wheel; that after the collision he turned white, his lip was bleeding and he complained of pain in his chest; that he was taken to a drug store and later to the hospital; that in the hospital he was placed on a bed and a nurse gave him a hypodermic injection and a glass of water; and that thereupon he vomited, turned blue, and died within an hour after the accident. No doctor attended him. There is evidence that decedent was 58 years of age, weighed about 150 pounds, and was five feet and five inches tall; that he lived on a 35-acre farm owned by himself and wife jointly; and that his health was good and he had never suffered from any disability more serious than a common cold. There was testimony of two doctors that the alleged injuries decedent received could have caused his death.

We are in accord with the opinion of the trial court when he stated:

"Where one is shown to have the health and ability to pick peaches, handle them by the bushel in and out of the back seat of an auto, drive his auto some miles, and then is in an auto collision and thrown against the steering wheel and, within a few minutes commences to complain of severe pain and dies before medical assistance can arrive, there has been sufficient shown to make a question for the jury as to proximate cause of death."

Defendant also urges that the verdict is excessive even after reduced by remittitur. The elements of

damages which a jury could consider were burial expenses, conceded to be $197.92, pain and suffering, and loss of support. The evidence is that decedent lived about an hour after the accident during most of which time he complained of severe pain. There was no direct and positive evidence as to the exact earnings of decedent from his farm. Mrs. Schmidt testified that he gave her $15 per week; and that he made approximately $2,000 per year from his farm.

In *Newell* v. *Ritter*, 268 Mich. 405, we said:

"The difficulties of estimating the probable earnings has been frequently commented upon by this court. It is even more difficult when it becomes necessary to admeasure the earnings of a farmer who, as a rule, keeps no set of books to show his earnings or profits. From the facts presented, it was proper for the jury to allow such damages as they deemed reasonable in accordance with their common knowledge and experience."

In the case at bar the mortality tables were introduced as to plaintiff and decedent. The jury had an opportunity to observe plaintiff and to consider the earning capacity of decedent. The judgment of $5,000 for pain and suffering and loss of earnings, while liberal, is not in our opinion excessive.

The judgment is affirmed, with costs to plaintiff.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, North, and Starr, JJ., concurred.