WILSON v. ROGERS.

1. CONTINUANCE—DISCRETION OF COURT—NONAPPEARANCE OF SUB-POENAED WITNESS.
   A trial court has a wide discretion in the matter of determining whether or not a continuance should be granted when a professional man fails to appear as witness pursuant to a subpoena to which he has responded by acknowledging its service upon his secretary.

2. TRIAL—NONAPPEARANCE OF SUBPOENAED PHYSICIAN AS WITNESS—DENIAL OF CONTINUANCE.
   Plaintiffs, husband and wife, suing defendant for injuries received by wife in rear-end collision were not given an opportunity to present their case properly by denial of their first request for a continuance to enable them to obtain as a witness

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur, Continuances § 5.
[2] 12 Am Jur, Continuances § 23 et seq.
[3] 4 Am Jur 2d, Appeal and Error § 521.

her physician who had responded to service of subpoena on his secretary but had failed to appear at the trial, hence, new trial is ordered.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTRIBUTORY NEGLIGENCE—RECORD.

Whether or not error was committed with respect to contributory negligence of plaintiff wife who was injured in rear-end collision is not ruled upon by Supreme Court, where record discloses no evidence on which jury could have based a finding of contributory negligence but record does not reveal whether an instruction to that effect was requested by the plaintiffs or given by the trial court.

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 8, 1964. (Calendar Nos. 20, 21, Docket Nos. 50,242, 50,243.) Decided July 8, 1964.

Case by Verna L. Wilson against Doris Rogers for personal injuries sustained in rear-end collision of automobiles December 8, 1959. Derivative suit by Lace Wilson, Jr., for property damage. Cases consolidated for trial and on appeal. Verdict and judgments for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*George L. Ginger,* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock* (*Boleslaus I. Stanczyk* and *Charles T. McGorisk,* of counsel); for defendant.

KELLY, J. These cases were consolidated and tried together. Defendant's car collided with the rear end of a car driven by plaintiff Verna L. Wilson. Plaintiff filed her declaration claiming injuries as follows:

"Contusions of the thoracic spine; injuries to the chest wall; whiplash injuries to cervical spine, as well as the thoracic spine; bruises and contusions

over her entire back, chest, stomach, legs and body; injuries to the back and lumbar spine and at the base of the skull; plaintiff suffers from prolonged severe headaches for long periods of time accompanied by numbness in the side of her face, extensive shock to her entire nervous system and that she has been advised that her injuries are permanent and that she will be permanently disabled for life."

Plaintiff stopped her car because several cars in front of her had come to a complete stop and, she testified, "I was stopped there for a half a minute, maybe a minute," before defendant's car collided with the rear of her car.

Defendant testified that plaintiff's car was stopped behind a car in front of her and "I come along and I went to turn out, to go around her, as I see she was stopped, and when I looked up, traffic was coming; I had no choice, I bumped her."

Plaintiff Verna L. Wilson's testimony was not completed as court adjourned on Tuesday, November 13, 1962. The next morning (Wednesday) when it became apparent that her doctor would not be present and testify in her behalf, plaintiff became very much agitated and her attorney advised the court: "My client is so broken up, I mean she is so nervous, that I don't feel that I could put her on the stand and continue."

In the absence of the jury the following facts were developed in colloquy between court and counsel: That the doctor responded to a subpoena served upon his secretary, by reporting to the clerk of the court on Thursday, November 7th, and that plaintiffs' attorney advised him on Monday (November 12th) that he would be needed as a witness on the following Wednesday or Thursday; that on Wednesday when the doctor did not appear the court telephoned his office and ascertained that the doctor

had gone hunting; that the court could not take testimony on Friday (November 16, 1962) as it was motion day; that plaintiffs requested a continuance until the following Monday; that defendant objected to the continuance; and the court decided to continue taking testimony.

Following this colloquy, plaintiff Lace Wilson testified that as a result of the collision the trailer hitch on the car was pushed up; that he had to take a 12-pound hammer to straighten it out; that the bumper was pushed in; that the taillight was also pushed in, and "the gas tank had a ding in it."

Defendant's testimony was concluded on Wednesday afternoon and the case rested. On Thursday morning plaintiffs' attorney moved for a directed verdict on the question of negligence, which motion was denied. The case was then submitted to the jury and verdict returned for defendant of no cause of action.

Appellants complain that the court denied "plaintiffs' request for continuance for less than 1 day on the objection of defendant that such continuance would be prejudicial to defendant" and that the court erred "in denying plaintiffs' motion for directed verdict on the issue of contributory negligence."

The following from the record at the time the court was disposing of plaintiffs' motion for new trial discloses that the trial court was not satisfied with the trial and was prone to grant plaintiffs' motion, but, mistakenly, concluded that such a decision would be contrary to our admonition that "counsel should be ready for trial":

*"The Court:* The thing that bothers the court, the Supreme Court has said that counsel should be ready for trial with all his witnesses, and so forth, but the doctor had submitted himself, and whether

the service of the subpoena was proper or not, upon the secretary, he, having submitted to it, the question is whether or not you were entitled to have him here and whether or not the court should have adjourned it until he came in, or sent the sheriff out for him when he came back.

"*Mr. Ginger:* Even if you had sent the sheriff out for him, he wasn't in town, you couldn't very well— we didn't know where he was.

"*The Court:* You don't get my point. The point is whether or not your client had the right to have him here and have the power of the court go out and bring him in, even if it was Monday. I am wondering if I did or didn't err by not insisting that he be here, whether proper application was made or not, in the interests of justice.

"*Mr. Ginger:* Of course when he talked to you on Sunday, after he got back in town, the case was over with then, anyway.

"*The Court:* I know. The thing that is bothering me, should I have adjourned it to Monday to get him in here. * * * The question is, will the Supreme Court say that he did have a right to be heard. * * * The doctor did respond to the subpoena. He wasn't personally served. He did respond and tell Merrit O'Dette (clerk) he was available in his office. I am not so sure that that doesn't make him liable for appearance in this court. * * * The only question that I am concerned with now is whether or not the court erred in forcing Mr. Ginger on; even though he served the secretary of the doctor, the doctor had notice that he should be in court, he responded by calling the assignment clerk and advising him that he would be available for a certain time, and then when he went hunting, when he came back from hunting, he told the court that Mr. Ginger said that if he didn't call him by—I think it was Tuesday afternoon, he wouldn't need him, and Tuesday afternoon there was no call, and away he went, late in the afternoon, to go hunting,

and returned the next Monday. The question is, did the court err or not?"

Defendant's counsel made no showing as to why a continuance would in any way prejudice his client. This was plaintiffs' first request for a continuance.

Nothing this Court has said in the past, or now, should be construed as restricting the trial judge's discretion in determining questions of continuance, such as arose in this trial.

Being of the opinion that plaintiffs were not given an opportunity to properly present their case to the jury, we are granting appellants' prayer that "the case be remanded to the lower court for new trial."

The record discloses no evidence on which the jury could have based a finding of plaintiff driver's contributory negligence and the jury should have been instructed accordingly. However, the record presented to this Court did not reveal whether such instruction was requested by plaintiffs or given by the trial court, and thus we are not ruling upon plaintiffs' alleged error in re contributory negligence.

Reversed and remanded for new trial. Costs to appellants.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.