SLEEMAN *v.* DICKINSON COUNTY BOARD
OF ROAD COMMISSIONERS.

1. AUTOMOBILES — STATUTES — NEGLIGENCE PER SE — DEFECTIVE
   BRAKES — INSTRUCTIONS.
   Instruction to jury that failure of plaintiff in automobile negli-
   gence action to maintain his brakes in proper working order,
   as required by statute, would be negligence *per se, held*, to be
   proper in case where a jury question, whether plaintiff had
   maintained his brakes in working order, was presented by
   his testimony that he had bought his car used, that he
   did not know how many miles the car had been driven when
   he bought it or how many miles he had driven it, that he
   had never had any mechanical work done on it, that he had
   seen defendant's truck crossing an intersection when he was
   between 400 and 600 feet away and applied his brakes,
   and other testimony that the accident occurred when all
   but 4 feet of defendant's truck had cleared the intersection
   and that plaintiff's vehicle left a skid mark from only 1
   wheel (CLS 1961, §§ 257.705[a], 257.705[c]).

2. INSURANCE—STATUTES—AUTOMOBILES.
   A party is expressly prohibited by statute from indicating to a
   jury that insurance is involved in an automobile negligence case
   (CLS 1961, § 500.3030).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 700–702.
    Effect of defective brakes on liability for injury. 170 ALR 611.
[2, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 963.
    Admissibility of evidence, and propriety and effect of questions,
    statements, comments, etc., tending to show that defendant in
    personal injury or death action carries liability insurance. 4
    ALR2d 761.
[3] 31 Am Jur, Jury § 136 *et seq.*
[5] 17 Am Jur 2d, Continuance § 3.
[6] 17 Am Jur 2d, Continuance § 29 *et seq.*

3. TRIAL—VOIR DIRE EXAMINATION—HARMLESS ERROR.

Trial court's refusal to allow a party to submit specific questions on *voir dire* examination is not ground for reversal, absent a showing that prejudicial error resulted.

4. AUTOMOBILES—INSURANCE—VOIR DIRE EXAMINATION—DISCRETION OF COURT.

Refusal of trial court to allow plaintiff's counsel to ask several jurors the names of their automobile insurers, because they had written the names of insurance agents rather than insurers on jury questionnaire forms, after the jury was selected but before it was sworn, *held,* not an abuse of discretion, where the questionnaires had been on file for a long time before trial and plaintiff's counsel had obviously examined them, because such questioning would suggest that insurance was in the case, contrary to statute, and plaintiff showed no prejudice resulting from refusal (CLS 1961, § 500.3030; GCR 1963, 510.1).

5. TRIAL—CONTINUANCE—DISCRETION OF COURT.

The grant or denial of a request for a continuance is a matter which must be left largely in the discretion of the trial court.

6. SAME—CONTINUANCE—WITNESSES—DISCRETION OF COURT.

Refusal of trial court to grant a continuance requested by plaintiff at start of trial because his treating physician had gone on vacation and was not available to testify *held,* not an abuse of discretion, where plaintiff had not subpoenaed the physician and gave no reason for failure to do so, had found out a week before trial that the physician would not be at trial but did not take his deposition, and had another physician who had treated the plaintiff testify, and plaintiff's hospital records and X-ray photographs were admitted into evidence.

Appeal from Dickinson; Brown (Ernest W.), J. Submitted Division 3 May 10, 1967, at Marquette. (Docket No. 635.) Decided December 1, 1967.

Complaint by William Sleeman against the Dickinson County Board of Road Commissioners for damages as the result of an automobile accident. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Wisti & Jaaskelainen (Sterling W. Schrock,* of counsel) for plaintiff.

*Humphrey & Weis,* for defendant.

Holbrook, J. This is an appeal by plaintiff from a no cause of action jury verdict and resulting judgment in a negligence action arising out of a motor vehicle accident. The pertinent facts appear as follows:

Plaintiff-driver was injured in a collision with a truck owned by defendant and operated by its employee at the intersection of highway M 95 and Merriman road in the county of Dickinson. Plaintiff was traveling in a southerly direction on highway M 95 and defendant's vehicle was crossing M 95 in a westerly direction on Merriman road.

Detective Bays of the Michigan state police investigated the accident. He described the place where debris was found as being 4 feet in from the west edge of M 95. He described a single skid mark made by plaintiff's vehicle that was visible for 52 feet 4 inches appearing on the pavement 11 inches east of the west edge. He testified that there was no evidence of a corresponding skid mark made by a tire on the other side of plaintiff's car.

There was conflicting testimony as to where defendant's vehicle was when first observed by plaintiff and whether it was moving across the intersection or stopped at the time. Plaintiff admitted in his testimony that he saw defendant's vehicle at the intersection when he was 400 to 600 feet away. At the time, plaintiff stated he was traveling from 50 to 65 miles per hour.

Plaintiff raises 3 questions for review on appeal and we will deal with them in proper order.

1. *Did the trial court under the facts in this case commit error in instructing the jury that failure*

*to have a vehicle equipped with effective brakes as required by statute is negligence* per se?

The court, after instructing the jury properly concerning the other aspects of the case, stated to the jury in this regard as follows:

"Now, I mentioned before that the violation of any statute of this State enacted for the safety and protection of the public, constitutes negligence and lack of due care, if it is a proximate cause of the accident. I have commented upon the general rules of negligence but there are certain statutory rules which you must consider as such rules may relate to the issues of negligence and contributory negligence in this case.

"The motor vehicle code of Michigan provides, for one thing, with respect to brakes, that brake equipment is required as follows:

" 'Every motor vehicle, other than a motorcycle, or motor driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including 2 separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least 2 wheels. If these 2 separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any 1 part of the operating mechanism shall not leave the motor vehicle without brakes on at least 2 wheels.' "[1]

No testimony was offered as to the condition of plaintiff's brakes. Plaintiff testified that he did not know how many miles were on his 1954 Oldsmobile sedan when he bought it nor how many miles he had driven it himself. He said he had never had any mechanical work performed on his automobile. He purchased it for $490 and sold it for $15 after the accident.

---

[1] CLS 1961, § 257.705(a) (Stat Ann 1965 Cum Supp § 9.2405[a]).

The statute read to the jury by the court concerning brakes also contains the following:

"All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite side of the vehicle."[2]

The physical evidence, i.e., the leaving of only 1 skid mark made by the right wheel of plaintiff's vehicle without a corresponding skid mark made by the left wheel constituted sufficient valid evidence to submit to the jury the question of plaintiff's failure to have his vehicle equipped with effective brakes as required by the statute.

Defendant's claims at trial were that the plaintiff saw defendant's vehicle crossing the intersection when he was 400 to 600 feet from the intersection; that plaintiff was speeding; that the accident happened when defendant's vehicle had cleared the intersection but for 4 feet; and that the failure of plaintiff to have effective brakes was the cause or contributing cause of the accident, since it was shown that plaintiff had applied his brakes. These claims of the defendant were substantiated by evidence and presented a proper fact question for the jury.

Plaintiff cites the case of *Schmidt* v. *Willbrant* (1946), 313 Mich 450 in support of his position that it was error for the court to instruct on defective brakes. That case, however, involved a different fact situation. Therein, plaintiff's decedent had no occasion to apply his brakes until his car was within 20 feet of defendant's vehicle. The *Schmidt* case is not analogous to the fact situation in the instant case and therefore is not applicable.

The trial court committed no error in instructing the jury concerning brakes.

[2] CLS 1961, § 257.705(c) (Stat Ann 1965 Cum Supp § 9.2405[c]).

*2. Did the trial court abuse its discretion in refusing plaintiff on* voir *dire to inquire as to the identity of jurors' insurance carriers where that information was not properly answered on the jurors' personal history questionnaire?*

Plaintiff, immediately prior to selection of the jury, made motion for change of venue and adjournment of trial, and also requested of the court that certain jurors be informed that they were entitled to be excused if they so desired. At the time, plaintiff also moved that juror number 10 be excused for cause by reason of the fact that said juror stated in the questionnaire: "I do not wish to be a juror." Plaintiff also objected to one of the jurors because she was related to one of the members of the defendant road commission. This juror was excused for cause. Thereafter, the jury was selected with plaintiff exercising his 5 peremptory challenges and defendant informing the court that it was satisfied with the jury after using 3 peremptory challenges. Prior to swearing in the jury, plaintiff moved in the absence of the jury for the right to question on *voir dire* several jurors as to the names of their insurance carriers because they had improperly named their insurance agents instead of carriers in response to question 35 of their questionnaire. The pertinent questions are as follows:

"32. Do you drive a car? ........................
"33. Do you (or your spouse) own a car? ........
"34. If so, is it insured? .....................
"35. With what company? ..................."
GCR 1963, 510.1.

Defendant objected to injecting the matter of insurance into the case at this point in the trial and the court in denying the request said:

"It might have been proper at a proper time but the jury has already been impaneled.  *  *  *

"These questionnaires have been on file for some time, Mr. Wisti, and it's too late a date now to question them."

GCR 1963, 510 provides for juror personal history questionnaires to be distributed by the clerk to the jurors, to be answered by them, and placed on file in the clerk's office. By reason of this court rule, they are available to litigants, counsel, and other qualified persons. One of the obvious purposes of the court rule is to obviate the necessity on *voir dire* of injecting questions concerning insurance emphasizing that insurance may have a part in the case to be tried.

It is evident that the plaintiff's counsel had examined the answers contained in the jurors' questionnaires prior to trial, *e.g.*, plaintiff's objections to certain jurors and request that other jurors be informed of their right to be excused.

Plaintiff, at any time prior to trial, could have requested aid of the court in obtaining proper answers to the questionnaires filed by the jurors through the clerk's office. Moreover, plaintiff's request which was not made until the jury was ready to be sworn came too late especially in view of the fact that the question desired to be asked of the jurors would clearly indicate that insurance was involved in the case contrary to CLS 1961, § 500.3030 (Stat Ann 1957 Rev § 24.13030). *Felice v. Weinman* (1964), 372 Mich 278, 280; *Benmark v. Steffen* (1965), 374 Mich 155, 163, 164.

Plaintiff has failed to show in the instant case that he has been injured prejudicially by denial of *voir dire* examination in the form requested and absent such a showing, his claim of error must fail. *Darr v. Buckley* (1959), 355 Mich 392.

3. *Did the trial court err in refusing to grant plaintiff's motion for a continuance due to the absence of plaintiff's treating physician?*

The record disclosed the following in this regard:

"*Mr. Wisti.* Then, Your Honor, I would like to move for a continuance on the further ground that Dr. Cecconi, the treating physician, is not in the area. He left Friday, as I understand it, or Saturday, on an extended vacation. We do have Dr. Meier, who treated this man in the Houghton, Hancock or Calumet area, who will be here tomorrow morning to testify. We also have the hospital records and X rays. We were not informed of the fact that Dr. Cecconi would not be present until we talked with him last week about his appearance here. We add that as an additional ground for a continuance.

"*Mr. Humphrey.* I think, if the court please, there should be more of a showing.

"*The Court.* Yes, I think there has to be more of a showing of diligence to make sure he was going to be here, before last week. This case was scheduled for trial today some time ago. In fact it was set at the pretrial conference on January 26th. So, the motion for continuance will be denied on that ground likewise."

Plaintiff's motion did not assert that Dr. Cecconi's deposition could not have been taken or that the doctor had been subpoenaed to appear on the date set for trial.

The case of *Wilson v. Rogers* (1964), 373 Mich 372 is cited by plaintiff in support of his position that error was committed by the trial court in failing to grant a continuance. On reading the opinion in the *Wilson Case, supra,* we find that the writer, Mr. Justice KELLY, stated on p 377 as follows:

"Nothing this Court has said in the past, or now, should be construed as restricting the trial judge's discretion in determining questions of continuance, such as arose in this trial."

It is also noted in that case that the doctor had been subpoenaed. He responded by calling and informing the assignment clerk that he would be available for a certain time and then went hunting. In our case, plaintiff did not subpoena the doctor or indicate to the court any reason for failure to subpoena him. In fact, no explanation was made why the doctor's deposition had not been taken in the interim.[3]

Dr. Meier, one of the doctors who treated plaintiff, testified at trial. Plaintiff's hospital records and X rays were admitted into evidence. Under the circumstances, we feel the trial judge was not guilty of an abuse of discretion in denying the requested continuance. *McKay* v. *Black* (1967), 5 Mich App 711.

Affirmed. Costs to defendant-appellee.

FITZGERALD, P. J., and BURNS, J., concurred.

---

[3] GCR 1963, 302.4(3)[6].