*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DRIVER ESTATE.

JENNIFER DRIVER, Personal Representative of the
ESTATE OF GERALDINE DRIVER,

UNPUBLISHED
February 18, 2021

Appellee,

v

No. 350303
Wayne Probate Court
LC No. 2018-843369-DE

BRUCE DRIVER,

Appellant.

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Appellant, Bruce Driver, appeals as of right the probate court's July 31, 2019 order granting summary disposition to appellee, Jennifer Driver, personal representative of the Estate of Geraldine Driver, denying Bruce's request for an extension of the discovery period, adjournment of mediation, and issuance of subpoenas, and dismissing Bruce's petition for probate. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of competing petitions for probate. The decedent, Geraldine Caroline Driver ("Driver"), passed away on October 1, 2018. On November 19, 2018, Bruce initiated this case by filing a petition for probate, attaching Driver's death certificate and purported last will and testament, dated March 9, 2007 ("2007 Will"), and requesting he be appointed personal representative as nominated in that will. On November 30, 2018, Jennifer also filed a petition for probate, attaching Driver's death certificate and purported last will and testament, dated July 12, 2018 ("2018 Will"), and seeking appointment as personal representative.

On February 6, 2019, the probate court entered a stipulated scheduling order granting the parties until March 22, 2019, to engage in discovery, requiring the parties to attend mediation on

-1-

that date or after, providing an April 23, 2019 deadline to file dispositive motions for which no responses would be accepted, and scheduling a settlement conference for May 7, 2019.

On April 1, 2019, approximately 10 days after the close of discovery, Bruce filed a petition ("the petition") to amend or extend discovery, adjourn mediation, and for the probate court to issue subpoenas to several of Driver's alleged medical providers. On April 17, 2019, Jennifer filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10) on Bruce's claims of undue influence and lack of testamentary capacity, and on April 29, 2019, Jennifer filed an objection to the petition, contending that Bruce, to Jennifer's knowledge, issued two subpoenas six days before the March 22, 2019 discovery deadline, and did not attempt to engage in any other discovery.

In his brief in support of the petition, Bruce asserted that his counsel was unable to comply with the probate court's discovery deadline as provided in the stipulated order entered on February 6, 2019, because he was unsuccessful in securing timely information about Driver's state of mind when she executed the 2018 Will approximately four months before her death. Bruce's counsel detailed the efforts he had made to obtain Driver's medical records from her treating physicians during the relevant time period, and stated that he received records from "Dr. Stuart Baroff" ("Dr. Baroff") indicating that Driver's "cognitive status" was such that she was "not oriented to place," and it was "unsafe for [her] to leave the house unattended." Bruce's counsel also asserted that he tried to subpoena Angela Hospice Home Care ("Hospice") for Driver's medical records during her stay there, but he "was informed that, absent Letters of Authority or a subpoena signed by a Judge, [Hospice] would not honor the request for supplying records."

On June 19, 2019, a hearing was held on Jennifer's motion for summary disposition and the petition, at which the probate court concluded that there was no basis to reject the 2018 Will, determined that it was valid, and appointed Jennifer as personal representative. The probate court reasoned that Bruce did not bring forth any documentary evidence or any specific facts or allegations to support his claims of undue influence and lack of testamentary capacity, adding that "the mere fact that [Driver] was in [H]ospice when she executed [the 2018 Will] [was] simply not dispositive. Nor has [Bruce] alleged that it creates a presumption of undue influence or of testamentary incapacity." In its opinion, the probate court added that, "[u]nder the circumstances, [Bruce's] request for additional discovery appears to be a 'fishing expedition' rather than a request based on more than mere conjecture or speculation."

On July 31, 2019, the probate court entered an order granting Jennifer's motion for summary disposition, denying Bruce's request for an extension of the discovery period, adjournment of mediation, and issuance of subpoenas, and dismissing Bruce's petition for probate. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, Bruce argues that the probate court abused its discretion in denying Bruce's motion to extend discovery and granting Jennifer's motion for summary disposition. This Court reviews for an abuse of discretion a trial court's decision regarding a motion to extend discovery. *Decker v Trux R Us, Inc*, 307 Mich App 472, 478; 861 NW2d 59 (2014). This Court also reviews a trial court's denial of a motion to adjourn for an abuse of discretion. *People v Coy*, 258 Mich

App 1, 17; 669 NW2d 831 (2003). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). Moreover, a trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

## III. ANALYSIS

Bruce argues that summary disposition was inappropriate, and his motion to extend discovery should have been granted, because for reasons beyond Bruce's control, Bruce's counsel was unsuccessful in securing timely information regarding Driver's state of mind when she executed the 2018 Will thereby making it impossible to comply with the probate court's discovery deadline.

In order to invoke the probate court's discretion to grant an adjournment, a party must demonstrate good cause. MCR 2.503(B)(1). "[C]ases upholding a denial [of a motion to adjourn] have always involved some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Ruffin v Kent*, 139 Mich App 479, 480-481; 363 NW2d 14 (1984). "Where a motion to adjourn is requested in order to complete discovery, the inquiry focuses on whether the movant has shown an adequate explanation for the failure to complete discovery and whether the failure was due to a lack of diligence in preparation." *Id*. at 481-482.

Although this is not a case where Bruce had requested "numerous past continuances," Bruce has not shown an adequate explanation for his counsel's failure to complete discovery. Bruce argues that his counsel failed to complete discovery on time because Hospice refused to cooperate with his subpoena for Driver's medical records "unless it was signed by a judge." However, neither Bruce's brief in support of the petition nor the transcript of the petition hearing reveal precisely when Bruce's counsel knew that Hospice would not honor the request for supplying records without a subpoena signed by a judge. Notably, the probate court stated:

> But I still don't understand why no one came from Mr. [Bec]'s office and say, Judge, they won't accept my subpoena. Will you sign it? I've been doing this a long time Mr. [Bec], you know that. And I would not have had any problem at all with executing a subpoena if you had someone rejecting it. And to suggest to the contrary is simply not correct.

Although Bruce attempts to explain that his counsel's failure to complete discovery was because of Hospice, the record is devoid of any attempts by Bruce's counsel to secure a signed subpoena from the probate court for Driver's medical records from Hospice. Consequently, Bruce has not shown an adequate explanation for his counsel's failure to complete discovery necessitating an extension or adjournment.

Moreover, Bruce failed to exercise due diligence by waiting to issue two subpoenas for Driver's medical records from Dr. Baroff and Hospice six days before the March 22, 2019 discovery deadline, and not attempt to engage in any other discovery. Although Bruce contends that his counsel was initially met with unexpected difficulties identifying Driver's treating

physician until he determined that it was Dr. Baroff, the record does not indicate a reason for waiting from February 6, 2019 to March 14, 2019, to issue the subpoena for Driver's medical records from Hospice. Nor is there evidence that Bruce's counsel attempted to issue this subpoena before March 14, 2019. Further, other than the subpoenas, the record neither shows that Bruce's counsel issued discovery requests, or presented any affidavits to support Bruce's claims or the need for additional discovery, nor has Bruce's counsel tried to depose, or even contact, any potential witnesses. In fact, Bruce's counsel did not file the petition to amend or extend discovery until April 1, 2019, approximately 10 days after the close of discovery. Under the circumstances of this case, the probate court could conclude that Bruce's counsel neither moved for an extension "as soon as possible after ascertaining the facts," nor made diligent efforts to produce the medical records through other discovery methods. MCR 2.503(C)(1)-(2).

Finally, although Bruce's counsel stated that he had only apparently received records from Dr. Baroff about Driver's "cognitive status," those records have not been provided to the probate court. Moreover, because Bruce's counsel admitted that Hospice had not yet even supplied the records he "believed" were vital to the determination of Driver's testamentary capacity (much less formed any expert opinions or located any relevant evidence as a result of the medical records), the probate court could also conclude the medical records from Hospice would not be material, or that Bruce had not shown an adequate reason for the failure to subpoena the records from Hospice during the agreed-upon time for discovery. MCR 2.503(C)(2); *Ruffin*, 139 Mich App at 48; see also *Pauley v Hall*, 124 Mich App 255, 263; 335 NW2d 197 (1983) ("An unsupported allegation which amounts solely to conjecture does not entitle a party to an extension of time for discovery, since under such circumstances discovery is nothing more than a fishing expedition to discover if any disputed material fact exists between the parties"). For the same reason, Bruce has not demonstrated that he was prejudiced by the probate court's decision, but can only speculate that his counsel would have found something in Hospice's medical records to substantiate his claim that the 2018 Will was invalid because Driver did not possess the requisite testamentary capacity or was under Jennifer's undue influence, when Driver executed the 2018 Will a few months before her death. Therefore, the probate court did not abuse its discretion in declining Bruce's request to extend discovery. Accordingly, any other sanction, such as costs, would not be warranted under the circumstances of this case.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-4-